# Exhibit A

**Securities and Exchange Commission**  §240.13d–1

(due to material violations of generally accepted accounting principles, the standards of the PCAOB, or other professional or regulatory standards);

(ii) Not to perform audit, review or other procedures required by the standards of the PCAOB or other professional standards;

(iii) Not to withdraw an issued report; or

(iv) Not to communicate matters to an issuer's audit committee.

(c) In addition, in the case of an investment company registered under section 8 of the Investment Company Act of 1940 (15 U.S.C. 80a–8), or a business development company as defined in section 2(a)(48) of the Investment Company Act of 1940 (15 U.S.C. 80a–2(a)(48)), no officer or director of the company's investment adviser, sponsor, depositor, trustee, or administrator (or, in the case of paragraph (c)(2) of this section, any other person acting under the direction thereof) shall, directly or indirectly:

(1)(i) Make or cause to be made a materially false or misleading statement to an accountant in connection with; or

(ii) Omit to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with:

(A) Any audit, review, or examination of the financial statements of the investment company required to be made pursuant to this subpart; or

(B) The preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise; or

(2) Take any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of the financial statements of that investment company that are required to be filed with the Commission pursuant to this subpart or otherwise if that person knew or should have known that such action, if successful, could result in rendering the investment company's financial statements materially misleading.

[68 FR 31830, May 28, 2003, as amended at 83 FR 50222, Oct. 4, 2018]

REGULATION 13D–G

Source: Sections 240.13d–1 through 240.13f–1 appear at 43 FR 18495, Apr. 28, 1978, unless otherwise noted.

ATTENTION ELECTRONIC FILERS

THIS REGULATION SHOULD BE READ IN CONJUNCTION WITH REGULATION S-T (PART 232 OF THIS CHAPTER), WHICH GOVERNS THE PREPARATION AND SUBMISSION OF DOCUMENTS IN ELECTRONIC FORMAT. MANY PROVISIONS RELATING TO THE PREPARATION AND SUBMISSION OF DOCUMENTS IN PAPER FORMAT CONTAINED IN THIS REGULATION ARE SUPERSEDED BY THE PROVISIONS OF REGULATION S-T FOR DOCUMENTS REQUIRED TO BE FILED IN ELECTRONIC FORMAT.

### §240.13d–1 Filing of Schedules 13D and 13G.

(a) Any person who, after acquiring directly or indirectly the beneficial ownership of any equity security of a class which is specified in paragraph (i) of this section, is directly or indirectly the beneficial owner of more than five percent of the class shall, within 10 days after the acquisition, file with the Commission, a statement containing the information required by Schedule 13D (§240.13d–101).

(b)(1) A person who would otherwise be obligated under paragraph (a) of this section to file a statement on Schedule 13D (§240.13d–101) may, in lieu thereof, file with the Commission, a short-form statement on Schedule 13G (§240.13d–102), *Provided*, That:

(i) Such person has acquired such securities in the ordinary course of his business and not with the purpose nor with the effect of changing or influencing the control of the issuer, nor in connection with or as a participant in any transaction having such purpose or effect, including any transaction subject to §240.13d–3(b), other than activities solely in connection with a nomination under §240.14a–11; and

(ii) Such person is:

(A) A broker or dealer registered under section 15 of the Act (15 U.S.C. 78o);

171

(B) A bank as defined in section 3(a)(6) of the Act (15 U.S.C. 78c);

(C) An insurance company as defined in section 3(a)(19) of the Act (15 U.S.C. 78c);

(D) An investment company registered under section 8 of the Investment Company Act of 1940 (15 U.S.C. 80a–8);

(E) Any person registered as an investment adviser under Section 203 of the Investment Advisers Act of 1940 (15 U.S.C. 80b–3) or under the laws of any state;

(F) An employee benefit plan as defined in Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1001 *et seq.* (‘‘ERISA’’) that is subject to the provisions of ERISA, or any such plan that is not subject to ERISA that is maintained primarily for the benefit of the employees of a state or local government or instrumentality, or an endowment fund;

(G) A parent holding company or control person, provided the aggregate amount held directly by the parent or control person, and directly and indirectly by their subsidiaries or affiliates that are not persons specified in § 240.13d–1(b)(1)(ii)(A) through (J), does not exceed one percent of the securities of the subject class;

(H) A savings association as defined in Section 3(b) of the Federal Deposit Insurance Act (12 U.S.C. 1813);

(I) A church plan that is excluded from the definition of an investment company under section 3(c)(14) of the Investment Company Act of 1940 (15 U.S.C. 80a–3);

(J) A non-U.S. institution that is the functional equivalent of any of the institutions listed in § 240.13d–1(b)(1)(ii)(A) through (I), so long as the non-U.S. institution is subject to a regulatory scheme that is substantially comparable to the regulatory scheme applicable to the equivalent U.S. institution; and

(K) A group, provided that all the members are persons specified in § 240.13d–1(b)(1)(ii)(A) through (J).

(iii) Such person has promptly notified any other person (or group within the meaning of section 13(d)(3) of the Act) on whose behalf it holds, on a discretionary basis, securities exceeding five percent of the class, of any acquisition or transaction on behalf of such other person which might be reportable by that person under section 13(d) of the Act. This paragraph only requires notice to the account owner of information which the filing person reasonably should be expected to know and which would advise the account owner of an obligation he may have to file a statement pursuant to section 13(d) of the Act or an amendment thereto.

INSTRUCTION 1 TO PARAGRAPH (b)(1). For purposes of paragraph (b)(1)(i) of this section, the exception for activities solely in connection with a nomination under § 240.14a–11 will not be available after the election of directors.

(2) The Schedule 13G filed pursuant to paragraph (b)(1) of this section shall be filed within 45 days after the end of the calendar year in which the person became obligated under paragraph (b)(1) of this section to report the person's beneficial ownership as of the last day of the calendar year, *Provided,* That it shall not be necessary to file a Schedule 13G unless the percentage of the class of equity security specified in paragraph (i) of this section beneficially owned as of the end of the calendar year is more than five percent; *However,* if the person's direct or indirect beneficial ownership exceeds 10 percent of the class of equity securities prior to the end of the calendar year, the initial Schedule 13G shall be filed within 10 days after the end of the first month in which the person's direct or indirect beneficial ownership exceeds 10 percent of the class of equity securities, computed as of the last day of the month.

(c) A person who would otherwise be obligated under paragraph (a) of this section to file a statement on Schedule 13D (§ 240.13d–101) may, in lieu thereof, file with the Commission, within 10 days after an acquisition described in paragraph (a) of this section, a short-form statement on Schedule 13G (§ 240.13d–102). *Provided,* That the person:

(1) Has not acquired the securities with any purpose, or with the effect, of changing or influencing the control of the issuer, or in connection with or as a participant in any transaction having that purpose or effect, including any

transaction subject to §240.13d–3(b), other than activities solely in connection with a nomination under §240.14a–11;

INSTRUCTION 1 TO PARAGRAPH (c)(1). For purposes of paragraph (c)(1) of this section, the exception for activities solely in connection with a nomination under §240.14a–11 will not be available after the election of directors.

(2) Is not a person reporting pursuant to paragraph (b)(1) of this section; and

(3) Is not directly or indirectly the beneficial owner of 20 percent or more of the class.

(d) Any person who, as of the end of any calendar year, is or becomes directly or indirectly the beneficial owner of more than five percent of any equity security of a class specified in paragraph (i) of this section and who is not required to file a statement under paragraph (a) of this section by virtue of the exemption provided by Section 13(d)(6)(A) or (B) of the Act (15 U.S.C. 78m(d)(6)(A) or 78m(d)(6)(B)), or because the beneficial ownership was acquired prior to December 22, 1970, or because the person otherwise (except for the exemption provided by Section 13(d)(6)(C) of the Act (15 U.S.C. 78m(d)(6)(C))) is not required to file a statement, shall file with the Commission, within 45 days after the end of the calendar year in which the person became obligated to report under this paragraph (d), a statement containing the information required by Schedule 13G (§240.13d–102).

(e)(1) Notwithstanding paragraphs (b) and (c) of this section and §240.13d–2(b), a person that has reported that it is the beneficial owner of more than five percent of a class of equity securities in a statement on Schedule 13G (§240.13d–102) pursuant to paragraph (b) or (c) of this section, or is required to report the acquisition but has not yet filed the schedule, shall immediately become subject to §§240.13d–1(a) and 240.13d–2(a) and shall file a statement on Schedule 13D (§240.13d–101) within 10 days if, and shall remain subject to those requirements for so long as, the person:

(i) Has acquired or holds the securities with a purpose or effect of changing or influencing control of the issuer, or in connection with or as a participant in any transaction having that

purpose or effect, including any transaction subject to §240.13d–3(b); and

(ii) Is at that time the beneficial owner of more than five percent of a class of equity securities described in §240.13d–1(i).

(2) From the time the person has acquired or holds the securities with a purpose or effect of changing or influencing control of the issuer, or in connection with or as a participant in any transaction having that purpose or effect until the expiration of the tenth day from the date of the filing of the Schedule 13D (§240.13d–101) pursuant to this section, that person shall not:

(i) Vote or direct the voting of the securities described therein; or

(ii) Acquire an additional beneficial ownership interest in any equity securities of the issuer of the securities, nor of any person controlling the issuer.

(f)(1) Notwithstanding paragraph (c) of this section and §240.13d–2(b), persons reporting on Schedule 13G (§240.13d–102) pursuant to paragraph (c) of this section shall immediately become subject to §§240.13d–1(a) and 240.13d–2(a) and shall remain subject to those requirements for so long as, and shall file a statement on Schedule 13D (§240.13d–101) within 10 days of the date on which, the person's beneficial ownership equals or exceeds 20 percent of the class of equity securities.

(2) From the time of the acquisition of 20 percent or more of the class of equity securities until the expiration of the tenth day from the date of the filing of the Schedule 13D (§240.13d–101) pursuant to this section, the person shall not:

(i) Vote or direct the voting of the securities described therein, or

(ii) Acquire an additional beneficial ownership interest in any equity securities of the issuer of the securities, nor of any person controlling the issuer.

(g) Any person who has reported an acquisition of securities in a statement on Schedule 13G (§240.13d–102) pursuant to paragraph (b) of this section, or has become obligated to report on the Schedule 13G (§240.13d–102) but has not yet filed the Schedule, and thereafter

ceases to be a person specified in paragraph (b)(1)(ii) of this section or determines that it no longer has acquired or holds the securities in the ordinary course of business shall immediately become subject to §240.13d–1(a) or §240.13d–1(c) (if the person satisfies the requirements specified in §240.13d–1(c)), and §§240.13d–2 (a), (b) or (d), and shall file, within 10 days thereafter, a statement on Schedule 13D (§240.13d–101) or amendment to Schedule 13G, as applicable, if the person is a beneficial owner at that time of more than five percent of the class of equity securities.

(h) Any person who has filed a Schedule 13D (§240.13d–101) pursuant to paragraph (e), (f) or (g) of this section may again report its beneficial ownership on Schedule 13G (§240.13d–102) pursuant to paragraphs (b) or (c) of this section provided the person qualifies thereunder, as applicable, by filing a Schedule 13G (§240.13d–102) once the person determines that the provisions of paragraph (e), (f) or (g) of this section no longer apply.

(i) For the purpose of this regulation, the term ''equity security'' means any equity security of a class which is registered pursuant to section 12 of that Act, or any equity security of any insurance company which would have been required to be so registered except for the exemption contained in section 12(g)(2)(G) of the Act, or any equity security issued by a closed-end investment company registered under the Investment Company Act of 1940; *Provided,* Such term shall not include securities of a class of non-voting securities.

(j) For the purpose of sections 13(d) and 13(g), any person, in determining the amount of outstanding securities of a class of equity securities, may rely upon information set forth in the issuer's most recent quarterly or annual report, and any current report subsequent thereto, filed with the Commission pursuant to this Act, unless he knows or has reason to believe that the information contained therein is inaccurate.

(k)(1) Whenever two or more persons are required to file a statement containing the information required by Schedule 13D or Schedule 13G with respect to the same securities, only one statement need be filed: *Provided,* That:

(i) Each person on whose behalf the statement is filed is individually eligible to use the Schedule on which the information is filed;

(ii) Each person on whose behalf the statement is filed is responsible for the timely filing of such statement and any amendments thereto, and for the completeness and accuracy of the information concerning such person contained therein; such person is not responsible for the completeness or accuracy of the information concerning the other persons making the filing, unless such person knows or has reason to believe that such information is inaccurate; and

(iii) Such statement identifies all such persons, contains the required information with regard to each such person, indicates that such statement is filed on behalf of all such persons, and includes, as an exhibit, their agreement in writing that such a statement is filed on behalf of each of them.

(2) A group's filing obligation may be satisfied either by a single joint filing or by each of the group's members making an individual filing. If the group's members elect to make their own filings, each such filing should identify all members of the group but the information provided concerning the other persons making the filing need only reflect information which the filing person knows or has reason to know.

[43 FR 18495, Apr. 28, 1978, as amended at 43 FR 29768, July 11, 1978; 43 FR 55755, Nov. 29, 1978; 44 FR 10703, Feb. 23, 1979; 63 FR 2865, Jan. 16, 1998; 63 FR 15287, Mar. 31, 1998; 73 FR 60089, Oct. 9, 2008; 75 FR 56780, Sept. 16, 2010]

## § 240.13d–2  Filing of amendments to Schedules 13D or 13G.

(a) If any material change occurs in the facts set forth in the Schedule 13D (§240.13d–101) required by §240.13d–1(a), including, but not limited to, any material increase or decrease in the percentage of the class beneficially owned, the person or persons who were required to file the statement shall promptly file or cause to be filed with the Commission an amendment disclosing that change. An acquisition or disposition of beneficial ownership of

**Securities and Exchange Commission**                                §240.13d–2

securities in an amount equal to one percent or more of the class of securities shall be deemed "material" for purposes of this section; acquisitions or dispositions of less than those amounts may be material, depending upon the facts and circumstances.

(b) Notwithstanding paragraph (a) of this section, and provided that the person filing a Schedule 13G (§240.13d–102) pursuant to §240.13d–1(b) or §240.13d–1(c) continues to meet the requirements set forth therein, any person who has filed a Schedule 13G (§240.13d–102) pursuant to §240.13d–1(b), §240.13d–1(c) or §240.13d–1(d) shall amend the statement within forty-five days after the end of each calendar year if, as of the end of the calendar year, there are any changes in the information reported in the previous filing on that Schedule: *Provided, however,* That an amendment need not be filed with respect to a change in the percent of class outstanding previously reported if the change results solely from a change in the aggregate number of securities outstanding. Once an amendment has been filed reflecting beneficial ownership of five percent or less of the class of securities, no additional filings are required unless the person thereafter becomes the beneficial owner of more than five percent of the class and is required to file pursuant to §240.13d–1.

(c) Any person relying on §240.13d–1(b) that has filed its initial Schedule 13G (§240.13d–102) pursuant to that paragraph shall, in addition to filing any amendments pursuant to §240.13d–2(b), file an amendment on Schedule 13G (§240.13d–102) within 10 days after the end of the first month in which the person's direct or indirect beneficial ownership, computed as of the last day of the month, exceeds 10 percent of the class of equity securities. Thereafter, that person shall, in addition to filing any amendments pursuant to §240.13d–2(b), file an amendment on Schedule 13G (§240.13d–102) within 10 days after the end of the first month in which the person's direct or indirect beneficial ownership, computed as of the last day of the month, increases or decreases by more than five percent of the class of equity securities. Once an amendment has been filed reflecting beneficial

ownership of five percent or less of the class of securities, no additional filings are required by this paragraph (c).

(d) Any person relying on §240.13d–1(c) and has filed its initial Schedule 13G (§240.13d–102) pursuant to that paragraph shall, in addition to filing any amendments pursuant to §240.13d–2(b), file an amendment on Schedule 13G (§240.13d–102) promptly upon acquiring, directly or indirectly, greater than 10 percent of a class of equity securities specified in §240.13d–1(d), and thereafter promptly upon increasing or decreasing its beneficial ownership by more than five percent of the class of equity securities. Once an amendment has been filed reflecting beneficial ownership of five percent or less of the class of securities, no additional filings are required by this paragraph (d).

(e) The first electronic amendment to a paper format Schedule 13D (§240.13d–101 of this chapter) or Schedule 13G (§240.13d–102 of this chapter) shall restate the entire text of the Schedule 13D or 13G, but previously filed paper exhibits to such Schedules are not required to be restated electronically. *See* Rule 102 of Regulation S-T (§232.102 of this chapter) regarding amendments to exhibits previously filed in paper format. Notwithstanding the foregoing, if the sole purpose of filing the first electronic Schedule 13D or 13G amendment is to report a change in beneficial ownership that would terminate the filer's obligation to report, the amendment need not include a restatement of the entire text of the Schedule being amended.

NOTE TO §240.13d-2: For persons filing a short-form statement pursuant to Rule 13d-1(b) or (c), see also Rules 13d-1(e), (f), and (g).

(Secs. 3(b), 13(d)(1), 13(d)(2), 13(d)(5), 13(d)(6), 14(d)(1), 23; 48 Stat. 882, 894, 895, 901; sec. 203(a), 49 Stat. 704, sec. 8, 49 Stat. 1379; sec. 10, 78 Stat. 88a; secs. 2, 3, 82 Stat. 454, 455; secs. 1, 2, 3–5, 84 Stat. 1497; secs. 3, 18, 89 Stat. 97, 155 (15 U.S.C. 78c(b), 78m(d)(1), 89m(d)(2), 78m(d)(5), 78m(d)(6), 78n(d)(1), 78w); sec. 23, 48 Stat. 901; sec. 203(a), 49 Stat. 704; sec. 8, 49 Stat. 1379; sec. 10, 78 Stat. 580; sec. 18, 89 Stat. 155; secs. 102, 202, 203, 91 Stat. 1494, 1498, 1499; 15 U.S.C. 78m(g), 78w(a))

[43 FR 18495, Apr. 28, 1978, as amended at 45 FR 81558, Dec. 11, 1980; 47 FR 49964, Nov. 4, 1982; 58 FR 14683, Mar. 18, 1993; 59 FR 67764, Dec. 30, 1994; 62 FR 36459, July 8, 1997; 63 FR 2866, Jan. 16, 1998]

§ 240.13d–3                                                    17 CFR Ch. II (4–1–21 Edition)

**§ 240.13d–3  Determination of beneficial owner.**

(a) For the purposes of sections 13(d) and 13(g) of the Act a beneficial owner of a security includes any person who, directly or indirectly, through any contract, arrangement, understanding, relationship, or otherwise has or shares:

(1) Voting power which includes the power to vote, or to direct the voting of, such security; and/or,

(2) Investment power which includes the power to dispose, or to direct the disposition of, such security.

(b) Any person who, directly or indirectly, creates or uses a trust, proxy, power of attorney, pooling arrangement or any other contract, arrangement, or device with the purpose or effect of divesting such person of beneficial ownership of a security or preventing the vesting of such beneficial ownership as part of a plan or scheme to evade the reporting requirements of section 13(d) or (g) of the Act shall be deemed for purposes of such sections to be the beneficial owner of such security.

(c) All securities of the same class beneficially owned by a person, regardless of the form which such beneficial ownership takes, shall be aggregated in calculating the number of shares beneficially owned by such person.

(d) Notwithstanding the provisions of paragraphs (a) and (c) of this rule:

(1)(i) A person shall be deemed to be the beneficial owner of a security, subject to the provisions of paragraph (b) of this rule, if that person has the right to acquire beneficial ownership of such security, as defined in Rule 13d–3(a) (§ 240.13d–3(a)) within sixty days, including but not limited to any right to acquire: (A) Through the exercise of any option, warrant or right; (B) through the conversion of a security; (C) pursuant to the power to revoke a trust, discretionary account, or similar arrangement; or (D) pursuant to the automatic termination of a trust, discretionary account or similar arrangement; provided, however, any person who acquires a security or power specified in paragraphs (d)(1)(i)(A), (B) or (C), of this section, with the purpose or effect of changing or influencing the control of the issuer, or in connection with or as a participant in any trans-

action having such purpose or effect, immediately upon such acquisition shall be deemed to be the beneficial owner of the securities which may be acquired through the exercise or conversion of such security or power. Any securities not outstanding which are subject to such options, warrants, rights or conversion privileges shall be deemed to be outstanding for the purpose of computing the percentage of outstanding securities of the class owned by such person but shall not be deemed to be outstanding for the purpose of computing the percentage of the class by any other person.

(ii) Paragraph (d)(1)(i) of this section remains applicable for the purpose of determining the obligation to file with respect to the underlying security even though the option, warrant, right or convertible security is of a class of equity security, as defined in § 240.13d–1(i), and may therefore give rise to a separate obligation to file.

(2) A member of a national securities exchange shall not be deemed to be a beneficial owner of securities held directly or indirectly by it on behalf of another person solely because such member is the record holder of such securities and, pursuant to the rules of such exchange, may direct the vote of such securities, without instruction, on other than contested matters or matters that may affect substantially the rights or privileges of the holders of the securities to be voted, but is otherwise precluded by the rules of such exchange from voting without instruction.

(3) A person who in the ordinary course of his business is a pledgee of securities under a written pledge agreement shall not be deemed to be the beneficial owner of such pledged securities until the pledgee has taken all formal steps necessary which are required to declare a default and determines that the power to vote or to direct the vote or to dispose or to direct the disposition of such pledged securities will be exercised, provided that:

(i) The pledge agreement is bona fide and was not entered into with the purpose nor with the effect of changing or influencing the control of the issuer, nor in connection with any transaction

176

having such purpose or effect, including any transaction subject to Rule 13d–3(b);

(ii) The pledgee is a person specified in Rule 13d–1(b)(ii), including persons meeting the conditions set forth in paragraph (G) thereof; and

(iii) The pledgee agreement, prior to default, does not grant to the pledgee;

(A) The power to vote or to direct the vote of the pledged securities; or

(B) The power to dispose or direct the disposition of the pledged securities, other than the grant of such power(s) pursuant to a pledge agreement under which credit is extended subject to regulation T (12 CFR 220.1 to 220.8) and in which the pledgee is a broker or dealer registered under section 15 of the act.

(4) A person engaged in business as an underwriter of securities who acquires securities through his participation in good faith in a firm commitment underwriting registered under the Securities Act of 1933 shall not be deemed to be the beneficial owner of such securities until the expiration of forty days after the date of such acquisition.

(Secs. 3(b), 13(d)(1), 13(d)(2), 13(d)(5), 13(d)(6), 14(d)(1), 23; 48 Stat. 882, 894, 895, 901; sec. 203(a), 49 Stat. 704, sec. 8, 49 Stat. 1379; sec. 10, 78 Stat. 88a; secs. 2, 3, 82 Stat. 454, 455; secs. 1, 2, 3–5, 84 Stat. 1497; secs. 3, 18, 89 Stat. 97, 155 (15 U.S.C. 78c(b), 78m(d)(1), 89m(d)(2), 78m(d)(5), 78m(d)(6), 78n(d)(1), 78w)

[43 FR 18495, Apr. 28, 1978, as amended at 43 FR 29768, July 11, 1978; 63 FR 2867, Jan. 16, 1998]

### §240.13d–4 Disclaimer of beneficial ownership.

Any person may expressly declare in any statement filed that the filing of such statement shall not be construed as an admission that such person is, for the purposes of sections 13(d) or 13(g) of the Act, the beneficial owner of any securities covered by the statement.

(Secs. 3(b), 13(d)(1), 13(d)(2), 13(d)(5), 13(d)(6), 14(d)(1), 23; 48 Stat. 882, 894, 895, 901; sec. 203(a), 49 Stat. 704, sec. 8, 49 Stat. 1379; sec. 10, 78 Stat. 88a; secs. 2, 3, 82 Stat. 454, 455; secs. 1, 2, 3–5, 84 Stat. 1497; secs. 3, 18, 89 Stat. 97, 155 (15 U.S.C. 78c(b), 78m(d)(1), 89m(d)(2), 78m(d)(5), 78m(d)(6), 78n(d)(1), 78w)

### §240.13d–5 Acquisition of securities.

(a) A person who becomes a beneficial owner of securities shall be deemed to have acquired such securities for purposes of section 13(d)(1) of the Act, whether such acquisition was through purchase or otherwise. However, executors or administrators of a decedent's estate generally will be presumed not to have acquired beneficial ownership of the securities in the decedent's estate until such time as such executors or administrators are qualified under local law to perform their duties.

(b)(1) When two or more persons agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities of an issuer, the group formed thereby shall be deemed to have acquired beneficial ownership, for purposes of sections 13(d) and (g) of the Act, as of the date of such agreement, of all equity securities of that issuer beneficially owned by any such persons.

(2) Notwithstanding the previous paragraph, a group shall be deemed not to have acquired any equity securities beneficially owned by the other members of the group solely by virtue of their concerted actions relating to the purchase of equity securities directly from an issuer in a transaction not involving a public offering: *Provided,* That:

(i) All the members of the group are persons specified in Rule 13d–1(b)(1)(ii);

(ii) The purchase is in the ordinary course of each member's business and not with the purpose nor with the effect of changing or influencing control of the issuer, nor in connection with or as a participant in any transaction having such purpose or effect, including any transaction subject to Rule 13d–3(b);

(iii) There is no agreement among, or between any members of the group to act together with respect to the issuer or its securities except for the purpose of facilitating the specific purchase involved; and

(iv) The only actions among or between any members of the group with respect to the issuer or its securities subsequent to the closing date of the non-public offering are those which are

necessary to conclude ministerial matters directly related to the completion of the offer or sale of the securities.

(Secs. 3(b), 13(d)(1), 13(d)(2), 13(d)(5), 13(d)(6), 14(d)(1), 23; 48 Stat. 882, 894, 895, 901; sec. 203(a), 49 Stat. 704, sec. 8, 49 Stat. 1379; sec. 10, 78 Stat. 88a; secs. 2, 3, 82 Stat. 454, 455; secs. 1, 2, 3–5, 84 Stat. 1497; secs. 3, 18, 89 Stat. 97, 155 (15 U.S.C. 78c(b), 78m(d)(1), 89m(d)(2), 78m(d)(5), 78m(d)(6), 78n(d)(1), 78w))

## § 240.13d–6 Exemption of certain acquisitions.

The acquisition of securities of an issuer by a person who, prior to such acquisition, was a beneficial owner of more than five percent of the outstanding securities of the same class as those acquired shall be exempt from section 13(d) of the Act: *Provided,* That:

(a) The acquisition is made pursuant to preemptive subscription rights in an offering made to all holders of securities of the class to which the preemptive subscription rights pertain;

(b) Such person does not acquire additional securities except through the exercise of his pro rata share of the preemptive subscription rights; and

(c) The acquisition is duly reported, if required, pursuant to section 16(a) of the Act and the rules and regulations thereunder.

(Secs. 3(b), 13(d)(1), 13(d)(2), 13(d)(5), 13(d)(6), 14(d)(1), 23; 48 Stat. 882, 894, 895, 901; sec. 203(a), 49 Stat. 704, sec. 8, 49 Stat. 1379; sec. 10, 78 Stat. 88a; secs. 2, 3, 82 Stat. 454, 455; secs. 1, 2, 3–5, 84 Stat. 1497; secs. 3, 18, 89 Stat. 97, 155 (15 U.S.C. 78c(b), 78m(d)(1), 89m(d)(2), 78m(d)(5), 78m(d)(6), 78n(d)(1), 78w))

## § 240.13d–7 Dissemination.

One copy of the Schedule filed pursuant to §§ 240.13d–1 and 240.13d–2 shall be sent to the issuer of the security at its principal executive office by registered or certified mail. A copy of Schedules filed pursuant to §§ 240.13d–1(a) and 240.13d–2(a) shall also be sent to each national securities exchange where the security is traded.

[63 FR 2867, Jan. 16, 1998]

## § 240.13d–101 Schedule 13D—Information to be included in statements filed pursuant to § 240.13d–1(a) and amendments thereto filed pursuant to § 240.13d–2(a).

Securities and Exchange Commission, Washington, D.C. 20549

Schedule 13D

Under the Securities Exchange Act of 1934

(Amendment No.___)*

_____

(Name of Issuer)

_____

(Title of Class of Securities)

_____

(CUSIP Number)

_____

(Name, Address and Telephone Number of Person Authorized to Receive Notices and Communications)

_____

(Date of Event Which Requires Filing of This Statement)

If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because of §§ 240.13d–1(e), 240.13d–1(f) or 240.13d–1(g), check the following box. □

NOTE: Schedules filed in paper format shall include a signed original and five copies of the schedule, including all exhibits. See Rule 13d–7 for other parties to whom copies are to be sent.

*The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be ''filed'' for the purpose of section 18 of the Securities Exchange Act of 1934 (''Act'') or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

| CUSIP No._____ | | |
|---|---|---|
| (1) Names of reporting persons. | | |
| (2) Check the appropriate box if a member of a group | (a) | |
| (see instructions) | (b) | |
| (3) SEC use only. | | |
| (4) Source of funds (see instructions). | | |

**Securities and Exchange Commission**                                    § 240.13d–101

| | |
|---|---|
| (5) Check if disclosure of legal proceedings is required pursuant to Items 2(d) or 2(e). | |
| (6) Citizenship or place of organization. | |
| Number of shares beneficially owned by each reporting person with: | |
| (7) Sole voting power. | |
| (8) Shared voting power. | |
| (9) Sole dispositive power. | |
| (10) Shared dispositive power. | |
| (11) Aggregate amount beneficially owned by each reporting person. | |
| (12) Check if the aggregate amount in Row (11) excludes certain shares (see instructions). | |
| (13) Percent of class represented by amount in Row (11). | |
| (14) Type of reporting person (see instructions). | |

Page __ of __ Pages

*Instructions for Cover Page*

(1) *Names of Reporting Persons*—Furnish the full legal name of each person for whom the report is filed—i.e., each person required to sign the schedule itself—including each member of a group. Do not include the name of a person required to be identified in the report but who is not a reporting person.

(2) If any of the shares beneficially owned by a reporting person are held as a member of the group and the membership is expressly affirmed, please check row 2(a). If the reporting person disclaims membership in a group or describes a relationship with other person but does not affirm the existence of a group, please check row 2(b) (unless it is a joint filing pursuant to Rule 13d–1(k)(1) in which case it may not be necessary to check row 2(b)).

(3) The 3rd row is for SEC internal use; please leave blank.

(4) Classify the source of funds or other consideration used or to be used in making the purchases as required to be disclosed pursuant to Item 3 of Schedule 13D and insert the appropriate symbol (or symbols if more than one is necessary) in row (4):

| Category of Source | Symbol |
|---|---|
| Subject Company (Company whose securities are being acquired). | SC |
| Bank | BK |
| Affiliate (of reporting person) | AF |
| Working Capital (of reporting person) | WC |
| Personal Funds (of reporting person) | PF |
| Other | OO |

(5) If disclosure of legal proceedings or actions is required pursuant to either Items 2(d) or 2(e) of Schedule 13D, row 5 should be checked.

(6) *Citizenship or Place of Organization*—Furnish citizenship if the named reporting person is a natural person. Otherwise, Furnish place of organization. (See Item 2 of Schedule 13D).

(7)–(11) [Reserved]

(12) Check if the aggregate amount reported as beneficially owned in row (11) does not include shares which the reporting person discloses in the report but as to which beneficial ownership is disclaimed pursuant to Rule 13d–4 [17 CFR 240.13d–4] under the Securities Exchange Act of 1934.

(13) *Aggregate Amount Beneficially Owned by Each Reporting Person, Etc.*—Rows (7) through (11), inclusive, and (13) are to be completed in accordance with the provisions of Item 5 of Schedule 13D. All percentages are to be rounded off to nearest tenth (one place after decimal point).

(14) *Type of Reporting Person*—Please classify each "reporting person" according to the following breakdown and place the appropriate symbol (or symbols, i.e., if more than one is applicable, insert all applicable symbols) on the form:

| Category | Symbol |
|---|---|
| Broker Dealer | BD |
| Bank | BK |
| Insurance Company | IC |
| Investment Company | IV |
| Investment Adviser | IA |
| Employee Benefit Plan or Endowment Fund | EP |
| Parent Holding Company/Control Person | HC |
| Savings Association | SA |
| Church Plan | CP |
| Corporation | CO |
| Partnership | PN |
| Individual | IN |
| Other | OO |

179

NOTES: Attach as many copies of the second part of the cover page as are needed, one reporting person per page.

Filing persons may, in order to avoid unnecessary duplication, answer items on the schedules (Schedule 13D, 13G or TO) by appropriate cross references to an item or items on the cover page(s). This approach may only be used where the cover page item or items provide all the disclosure required by the schedule item. Moreover, such a use of a cover page item will result in the item becoming a part of the schedule and accordingly being considered as ''filed'' for purposes of section 18 of the Securities Exchange Act or otherwise subject to the liabilities of that section of the Act.

Reporting persons may comply with their cover page filing requirements by filing either completed copies of the blank forms available from the Commission, printed or typed facsimiles, or computer printed facsimiles, provided the documents filed have identical formats to the forms prescribed in the Commission's regulations and meet existing Securities Exchange Act rules as to such matters as clarity and size (Securities Exchange Act Rule 12b–12).

SPECIAL INSTRUCTIONS FOR COMPLYING WITH
SCHEDULE 13D

Under sections 13(d) and 23 of the Securities Exchange Act of 1934 and the rules and regulations thereunder, the Commission is authorized to solicit the information required to be supplied by this schedule by certain security holders of certain issuers.

Disclosure of the information specified in this schedule is mandatory. The information will be used for the primary purpose of determining and disclosing the holdings of certain beneficial owners of certain equity securities. This statement will be made a matter of public record. Therefore, any information given will be available for inspection by any member of the public.

Because of the public nature of the information, the Commission can use it for a variety of purposes, including referral to other governmental authorities or securities self-regulatory organizations for investigatory purposes or in connection with litigation involving the federal securities laws or other civil, criminal or regulatory statutes or provisions.

Failure to disclose the information requested by this schedule may result in civil or criminal action against the persons involved for violation of the federal securities laws and rules promulgated thereunder.

*Instructions.* A. The item numbers and captions of the items shall be included but the text of the items is to be omitted. The answers to the items shall be so prepared as to indicate clearly the coverage of the items without referring to the text of the items.

Answer every item. If an item is inapplicable or the answer is in the negative, so state.

B. Information contained in exhibits to the statement may be incorporated by reference in answer or partial answer to any item or sub-item of the statement unless it would render such answer misleading, incomplete, unclear or confusing. Material incorporated by reference shall be clearly identified in the reference by page, paragraph, caption or otherwise. An express statement that the specified matter is incorporated by reference shall be made at the particular place in the statement where the information is required. A copy of any information or a copy of the pertinent pages of a document containing such information which is incorporated by reference shall be submitted with this statement as an exhibit and shall be deemed to be filed with the Commission for all purposes of the Act.

C. If the statement is filed by a general or limited partnership, syndicate, or other group, the information called for by Items 2–6, inclusive, shall be given with respect to (i) each partner of such general partnership; (ii) each partner who is denominated as a general partner or who functions as a general partner of such limited partnership; (iii) each member of such syndicate or group; and (iv) each person controlling such partner or member. If the statement is filed by a corporation or if a person referred to in (i), (ii), (iii) or (iv) of this Instruction is a corporation, the information called for by the above mentioned items shall be given with respect to (a) each executive officer and director of such corporation; (b) each person controlling such corporation; and (c) each executive officer and director of any corporation or other person ultimately in control of such corporation.

*Item 1. Security and Issuer.* State the title of the class of equity securities to which this statement relates and the name and address of the principal executive offices of the issuer of such securities.

*Item 2. Identity and Background.* If the person filing this statement or any person enumerated in Instruction C of this statement is a corporation, general partnership, limited partnership, syndicate or other group of persons, state its name, the state or other place of its organization, its principal business, the address of its principal office and the information required by (d) and (e) of this Item. If the person filing this statement or any person enumerated in Instruction C is a natural person, provide the information specified in (a) through (f) of this Item with respect to such person(s).

(a) Name;

(b) Residence or business address;

(c) Present principal occupation or employment and the name, principal business

and address of any corporation or other organization in which such employment is conducted;

(d) Whether or not, during the last five years, such person has been convicted in a criminal proceeding (excluding traffic violations or similar misdemeanors) and, if so, give the dates, nature of conviction, name and location of court, any penalty imposed, or other disposition of the case;

(e) Whether or not, during the last five years, such person was a party to a civil proceeding of a judicial or administrative body of competent jurisdiction and as a result of such proceeding was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws; and, if so, identify and describe such proceedings and summarize the terms of such judgment, decree or final order; and

(f) Citizenship.

*Item 3. Source and Amount of Funds or Other Consideration.* State the source and the amount of funds or other consideration used or to be used in making the purchases, and if any part of the purchase price is or will be represented by funds or other consideration borrowed or otherwise obtained for the purpose of acquiring, holding, trading or voting the securities, a description of the transaction and the names of the parties thereto. Where material, such information should also be provided with respect to prior acquisitions not previously reported pursuant to this regulation. If the source of all or any part of the funds is a loan made in the ordinary course of business by a bank, as defined in section 3(a)(6) of the Act, the name of the bank shall not be made available to the public if the person at the time of filing the statement so requests in writing and files such request, naming such bank, with the Secretary of the Commission. If the securities were acquired other than by purchase, describe the method of acquisition.

*Item 4. Purpose of Transaction.* State the purpose or purposes of the acquisition of securities of the issuer. Describe any plans or proposals which the reporting persons may have which relate to or would result in:

(a) The acquisition by any person of additional securities of the issuer, or the disposition of securities of the issuer;

(b) An extraordinary corporate transaction, such as a merger, reorganization or liquidation, involving the issuer or any of its subsidiaries;

(c) A sale or transfer of a material amount of assets of the issuer or any of its subsidiaries;

(d) Any change in the present board of directors or management of the issuer, including any plans or proposals to change the number or term of directors or to fill any existing vacancies on the board;

(e) Any material change in the present capitalization or dividend policy of the issuer;

(f) Any other material change in the issuer's business or corporate structure, including but not limited to, if the issuer is a registered closed-end investment company, any plans or proposals to make any changes in its investment policy for which a vote is required by section 13 of the Investment Company Act of 1940;

(g) Changes in the issuer's charter, bylaws or instruments corresponding thereto or other actions which may impede the acquisition of control of the issuer by any person;

(h) Causing a class of securities of the issuer to be delisted from a national securities exchange or to cease to be authorized to be quoted in an inter-dealer quotation system of a registered national securities association;

(i) A class of equity securities of the issuer becoming eligible for termination of registration pursuant to section 12(g)(4) of the Act; or

(j) Any action similar to any of those enumerated above.

*Item 5. Interest in Securities of the Issuer.* (a) State the aggregate number and percentage of the class of securities identified pursuant to Item 1 (which may be based on the number of securities outstanding as contained in the most recently available filing with the Commission by the issuer unless the filing person has reason to believe such information is not current) beneficially owned (identifying those shares which there is a right to acquire) by each person named in Item 2. The above mentioned information should also be furnished with respect to persons who, together with any of the persons named in Item 2, comprise a group within the meaning of section 13(d)(3) of the Act;

(b) For each person named in response to paragraph (a), indicate the number of shares as to which there is sole power to vote or to direct the vote, sole power to dispose or to direct the disposition, or shared power to dispose or to direct the disposition. Provide the applicable information required by Item 2 with respect to each person with whom the power to vote or to direct the vote or to dispose or direct the disposition is shared;

(c) Describe any transactions in the class of securities reported on that were effected during the past sixty days or since the most recent filing of Schedule 13D (§240.13d–101), whichever is less, by the persons named in response to paragraph (a).

*Instruction.* The description of a transaction required by Item 5(c) shall include, but not necessarily be limited to: (1) The identity of the person covered by Item 5(c) who effected the transaction; (2) the date of

transaction; (3) the amount of securities involved; (4) the price per share or unit; and (5) where and how the transaction was effected.

(d) If any other person is known to have the right to receive or the power to direct the receipt of dividends from, or the proceeds from the sale of, such securities, a statement to that effect should be included in response to this item and, if such interest relates to more than five percent of the class, such person should be identified. A listing of the shareholders of an investment company registered under the Investment Company Act of 1940 or the beneficiaries of an employee benefit plan, pension fund or endowment fund is not required.

(e) If applicable, state the date on which the reporting person ceased to be the beneficial owner of more than five percent of the class of securities.

*Instruction.* For computations regarding securities which represent a right to acquire an underlying security, see Rule 13d–3(d)(1) and the note thereto.

*Item 6. Contracts, Arrangements, Understandings or Relationships With Respect to Securities of the Issuer.* Describe any contracts, arrangements, understandings or relationships (legal or otherwise) among the persons named in Item 2 and between such persons and any person with respect to any securities of the issuer, including but not limited to transfer or voting of any of the securities, finder's fees, joint ventures, loan or option arrangements, puts or calls, guarantees of profits, division of profits or loss, or the giving or withholding of proxies, naming the persons with whom such contracts, arrangements, understandings or relationships have been entered into. Include such information for any of the securities that are pledged or otherwise subject to a contingency the occurrence of which would give another person voting power or investment power over such securities except that disclosure of standard default and similar provisions contained in loan agreements need not be included.

*Item 7. Material to be Filed as Exhibits.* The following shall be filed as exhibits: Copies of written agreements relating to the filing of joint acquisition statements as required by Rule 13d–1(k) and copies of all written agreements, contracts, arrangements, understanding, plans or proposals relating to: (1) The borrowing of funds to finance the acquisition as disclosed in Item 3; (2) the acquisition of issuer control, liquidation, sale of assets, merger, or change in business or corporate structure, or any other matter as disclosed in Item 4; and (3) the transfer or voting of the securities, finder's fees, joint ventures, options, puts, calls, guarantees of loans, guarantees against loss or of profit, or the giving or withholding of any proxy as disclosed in Item 6.

*Signature.* After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Date _____
Signature _____
Name/Title _____

The original statement shall be signed by each person on whose behalf the statement is filed or his authorized representative. If the statement is signed on behalf of a person by his authorized representative (other than an executive officer or general partner of the filing person), evidence of the representative's authority to sign on behalf of such person shall be filed with the statement: *Provided, however,* That a power of attorney for this purpose which is already on file with the Commission may be incorporated by reference. The name and any title of each person who signs the statement shall be typed or printed beneath his signature.

ATTENTION—Intentional misstatements or omissions of fact constitute Federal criminal violations (See 18 U.S.C. 1001).

[44 FR 2145, Jan. 9, 1979; 44 FR 11751, Mar. 2, 1979; 44 FR 70340, Dec. 6, 1979; 47 FR 11466, Mar. 16, 1982; 61 FR 49959, Sept. 24, 1996; 62 FR 35340, July 1, 1997; 63 FR 2867, Jan. 16, 1998; 63 FR 15287, Mar. 31, 1998; 72 FR 45111, Aug. 10, 2007; 73 FR 17813, Apr. 1, 2008]

**§ 240.13d–102   Schedule   13G—Information to be included in statements filed pursuant to § 240.13d–1(b), (c), and (d) and amendments thereto filed pursuant to § 240.13d–2.**

Securities and Exchange Commission, Washington, D.C. 20549

Schedule 13G

Under the Securities Exchange Act of 1934

(Amendment No.___)*

_____
(Name of Issuer)

_____
(Title of Class of Securities)

_____
(CUSIP Number)

_____
(Date of Event Which Requires Filing of this Statement)

Check the appropriate box to designate the rule pursuant to which this Schedule is filed:

[ ] Rule 13d–1(b)
[ ] Rule 13d–1(c)
[ ] Rule 13d–1(d)

*The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter the disclosures provided in a prior cover page.

The information required in the remainder of this cover page shall not be deemed to be ''filed'' for the purpose of Section 18 of the

**Securities and Exchange Commission**     **§ 240.13d–102**

Securities Exchange Act of 1934 (''Act'') or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

| CUSIP No._____ | | |
|---|---|---|
| (1) Names of reporting persons. | | |
| (2) Check the appropriate box if a member of a group | (a) | |
| (see instructions) | (b) | |
| (3) SEC use only. | | |
| (4) Citizenship or place of organization. | | |
| Number of shares beneficially owned by each reporting person with: | | |
| (5) Sole voting power. | | |
| (6) Shared voting power. | | |
| (7) Sole dispositive power. | | |
| (8) Shared dispositive power. | | |
| (9) Aggregate amount beneficially owned by each reporting person. | | |
| (10) Check if the aggregate amount in Row (9) excludes certain shares (see instructions). | | |
| (11) Percent of class represented by amount in Row (9). | | |
| (12) Type of reporting person (see instructions). | | |

Page __ of __ Pages

*Instructions for Cover Page:*

(1) *Names of Reporting Persons*—Furnish the full legal name of each person for whom the report is filed—i.e., each person required to sign the schedule itself—including each member of a group. Do not include the name of a person required to be identified in the report but who is not a reporting person.

(2) If any of the shares beneficially owned by a reporting person are held as a member of a group and that membership is expressly affirmed, please check row 2(a). If the reporting person disclaims membership in a group or describes a relationship with other person but does not affirm the existence of a group, please check row 2(b) [unless it is a joint filing pursuant to Rule 13d–1(k)(1) in which case it may not be necessary to check row 2(b)].

(3) The third row is for SEC internal use; please leave blank.

(4) *Citizenship or Place of Organization*—Furnish citizenship if the named reporting person is a natural person. Otherwise, furnish place of organization.

(5)–(9), (11) *Aggregated Amount Beneficially Owned By Each Reporting Person, etc.*—Rows (5) through (9) inclusive, and (11) are to be completed in accordance with the provisions of Item 4 of Schedule 13G. All percentages are to be rounded off to the nearest tenth (one place after decimal point).

(10) Check if the aggregate amount reported as beneficially owned in row (9) does not include shares as to which beneficial ownership is disclaimed pursuant to Rule 13d–4 [17 CFR 240.13d–4] under the Securities Exchange Act of 1934.

(12) *Type of Reporting Person*—Please classify each ''reporting person'' according to the following breakdown (see Item 3 of Schedule 13G) and place the appropriate Symbol on the form:

| Category | Symbol |
|---|---|
| Broker Dealer | BD |
| Bank | BK |
| Insurance Company | IC |
| Investment Company | IV |
| Investment Adviser | IA |
| Employee Benefit Plan or Endowment Fund | EP |
| Parent Holding Company/Control Person | HC |
| Savings Association | SA |
| Church Plan | CP |
| Corporation | CO |
| Partnership | PN |
| Individual | IN |
| Non-U.S. Institution | FI |
| Other | OO |

NOTES: Attach as many copies of the second part of the cover page as are needed, one reporting person per page.

Filing persons may, in order to avoid unnecessary duplication, answer items on the

183

schedules (Schedule 13D, 13G or TO) by appropriate cross references to an item or items on the cover page(s). This approach may only be used where the cover page item or items provide all the disclosure required by the schedule item. Moreover, such a use of a cover page item will result in the item becoming a part of the schedule and accordingly being considered as "filed" for purposes of section 18 of the Securities Exchange Act or otherwise subject to the liabilities of that section of the Act.

Reporting persons may comply with their cover page filing requirements by filing either completed copies of the blank forms available from the Commission, printed or typed facsimiles, or computer printed facsimiles, provided the documents filed have identical formats to the forms prescribed in the Commission's regulations and meet existing Securities Exchange Act rules as to such matters as clarity and size (Securities Exchange Act Rule 12b–12).

SPECIAL INSTRUCTIONS FOR COMPLYING WITH SCHEDULE 13G

Under Sections 13(d), 13(g) and 23 of the Securities Exchange Act of 1934 and the rules and regulations thereunder, the Commission is authorized to solicit the information required to be supplied by this schedule by certain security holders of certain issuers.

Disclosure of the information specified in this schedule is mandatory. The information will be used for the primary purpose of determining and disclosing the holdings of certain beneficial owners of certain equity securities. This statement will be made a matter of public record. Therefore, any information given will be available for inspection by any member of the public.

Because of the public nature of the information, the Commission can use it for a variety of purposes, including referral to other governmental authorities or securities self-regulatory organizations for investigatory purposes or in connection with litigation involving the Federal securities laws or other civil, criminal or regulatory statutes or provisions.

Failure to disclose the information requested by this schedule may result in civil or criminal action against the persons involved for violation of the Federal securities laws and rules promulgated thereunder.

*Instructions.* A. Statements filed pursuant to Rule 13d–1(b) containing the information required by this schedule shall be filed not later than February 14 following the calendar year covered by the statement or within the time specified in Rules 13d–1(b)(2) and 13d–2(c). Statements filed pursuant to Rule 13d–1(d) shall be filed within the time specified in Rules 13d–1(c), 13d–2(b) and 13d–2(d). Statements filed pursuant to Rule 13d–1(c) shall be filed not later than February 14 following the calendar year covered by the

statement pursuant to Rules 13d–1(d) and 13d–2(b).

B. Information contained in a form which is required to be filed by rules under section 13(f) (15 U.S.C. 78m(f)) for the same calendar year as that covered by a statement on this schedule may be incorporated by reference in response to any of the items of this schedule. If such information is incorporated by reference in this schedule, copies of the relevant pages of such form shall be filed as an exhibit to this schedule.

C. The item numbers and captions of the items shall be included but the text of the items is to be omitted. The answers to the items shall be so prepared as to indicate clearly the coverage of the items without referring to the text of the items. Answer every item. If an item is inapplicable or the answer is in the negative, so state.

Item 1(a) Name of issuer:_____

Item 1(b) Address of issuer's principal executive offices:_____

2(a) Name of person filing:

2(b) Address or principal business office or, if none, residence:

2(c) Citizenship:

2(d) Title of class of securities:

2(e) CUSIP No.:

*Item 3.* If this statement is filed pursuant to §§ 240.13d–1(b) or 240.13d–2(b) or (c), check whether the person filing is a:

(a) [ ] Broker or dealer registered under section 15 of the Act (15 U.S.C. 78o);

(b) [ ] Bank as defined in section 3(a)(6) of the Act (15 U.S.C. 78c);

(c) [ ] Insurance company as defined in section 3(a)(19) of the Act (15 U.S.C. 78c);

(d) [ ] Investment company registered under section 8 of the Investment Company Act of 1940 (15 U.S.C 80a–8);

(e) [ ] An investment adviser in accordance with § 240.13d–1(b)(1)(ii)(E);

(f) [ ] An employee benefit plan or endowment fund in accordance with § 240.13d–1(b)(1)(ii)(F);

(g) [ ] A parent holding company or control person in accordance with § 240.13d–1(b)(1)(ii)(G);

(h) [ ] A savings associations as defined in Section 3(b) of the Federal Deposit Insurance Act (12 U.S.C. 1813);

(i) [ ] A church plan that is excluded from the definition of an investment company under section 3(c)(14) of the Investment Company Act of 1940 (15 U.S.C. 80a–3);

(j) [ ] A non-U.S. institution in accordance with § 240.13d–1(b)(1)(ii)(J);

(k) [ ] Group, in accordance with § 240.13d–1(b)(1)(ii)(K). If filing as a non-U.S. institution in accordance with § 240.13d–1(b)(1)(ii)(J),

**Securities and Exchange Commission**                    § 240.13d–102

please specify the type of institution:
_____

### Item 4. Ownership

Provide the following information regarding the aggregate number and percentage of the class of securities of the issuer identified in Item 1.

(a) Amount beneficially owned: _____.

(b) Percent of class: _____.

(c) Number of shares as to which the person has:

(i) Sole power to vote or to direct the vote _____

(ii) Shared power to vote or to direct the vote _____.

(iii) Sole power to dispose or to direct the disposition of _____.

(iv) Shared power to dispose or to direct the disposition of _____.

*Instruction.* For computations regarding securities which represent a right to acquire an underlying security *see* § 240.13d–3(d)(1).

*Item 5.* Ownership of 5 Percent or Less of a Class. If this statement is being filed to report the fact that as of the date hereof the reporting person has ceased to be the beneficial owner of more than 5 percent of the class of securities, check the following [ ].

*Instruction.* Dissolution of a group requires a response to this item.

*Item 6.* Ownership of More than 5 Percent on Behalf of Another Person. If any other person is known to have the right to receive or the power to direct the receipt of dividends from, or the proceeds from the sale of, such securities, a statement to that effect should be included in response to this item and, if such interest relates to more than 5 percent of the class, such person should be identified. A listing of the shareholders of an investment company registered under the Investment Company Act of 1940 or the beneficiaries of employee benefit plan, pension fund or endowment fund is not required.

*Item 7.* Identification and Classification of the Subsidiary Which Acquired the Security Being Reported on by the Parent Holding Company or Control Person. If a parent holding company or control person has filed this schedule pursuant to Rule 13d–1(b)(1)(ii)(G), so indicate under Item 3(g) and attach an exhibit stating the identity and the Item 3 classification of the relevant subsidiary. If a parent holding company or control person has filed this schedule pursuant to Rule 13d–1(c) or Rule 13d–1(d), attach an exhibit stating the identification of the relevant subsidiary.

### Item 8. Identification and Classification of Members of the Group

If a group has filed this schedule pursuant to § 240.13d–1(b)(1)(ii)(J), so indicate under Item 3(j) and attach an exhibit stating the identity and Item 3 classification of each member of the group. If a group has filed this schedule pursuant to Rule 13d–1(c) or Rule 13d–1(d), attach an exhibit stating the identity of each member of the group.

*Item 9.* Notice of Dissolution of Group. Notice of dissolution of a group may be furnished as an exhibit stating the date of the dissolution and that all further filings with respect to transactions in the security reported on will be filed, if required, by members of the group, in their individual capacity. See Item 5.

### Item 10. Certifications

(a) The following certification shall be included if the statement is filed pursuant to § 240.13d–1(b):

By signing below I certify that, to the best of my knowledge and belief, the securities referred to above were acquired and are held in the ordinary course of business and were not acquired and are not held for the purpose of or with the effect of changing or influencing the control of the issuer of the securities and were not acquired and are not held in connection with or as a participant in any transaction having that purpose or effect, other than activities solely in connection with a nomination under § 240.14a–11.

(b) The following certification shall be included if the statement is filed pursuant to § 240.13d–1(b)(1)(ii)(J), or if the statement is filed pursuant to § 240.13d–1(b)(1)(ii)(K) and a member of the group is a non-U.S. institution eligible to file pursuant to § 240.13d–1(b)(1)(ii)(J):

By signing below I certify that, to the best of my knowledge and belief, the foreign regulatory scheme applicable to [insert particular category of institutional investor] is substantially comparable to the regulatory scheme applicable to the functionally equivalent U.S. institution(s). I also undertake to furnish to the Commission staff, upon request, information that would otherwise be disclosed in a Schedule 13D.

(c) The following certification shall be included if the statement is filed pursuant to § 240.13d–1(c):

By signing below I certify that, to the best of my knowledge and belief, the securities referred to above were not acquired and are not held for the purpose of or with the effect of changing or influencing the control of the issuer of the securities and were not acquired and are not held in connection with or as a participant in any transaction having that purpose or effect, other than activities solely in connection with a nomination under § 240.14a–11.

*Signature.* After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.