UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ELON MUSK<br><br>    Defendant. | Case No. 25-cv-00105-SLS |

**DECLARATION OF SARAH HEATON CONCANNON
IN SUPPORT OF DEFENDANT ELON MUSK'S FED. R. CIV. P. 56(d)
REQUEST FOR DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AS TO LIABILITY AND FOR DISCOVERY**

I, Sarah Heaton Concannon, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.  I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP and a member in good standing of the bar of this Court. I am counsel to Defendant Elon Musk in the above-captioned action.

2.  I respectfully submit this declaration under Federal Rule of Civil Procedure 56(d) in support of Defendant Elon Musk's request for denial of Plaintiff SEC's motion for summary judgment as to liability and for discovery and in support of Mr. Musk's contention that discovery of facts outside his control is essential for him to adequately oppose the SEC's Motion for Summary Judgment as to Liability [ECF No. 18].

3.  I make this statement based on my personal knowledge as counsel of record in this action and my review of documents and materials in this action. If called and sworn as a witness, I could and would testify competently to the facts set forth in this declaration.

### *Mr. Musk's Pending Motion to Dismiss*

4.  On August 28, 2025, Mr. Musk moved to dismiss the Complaint in its entirety. Mr. Musk also moved to strike the SEC's prayers for injunctive relief and disgorgement. In Mr. Musk's motion to dismiss, which was fully briefed as of December 8, 2025 and remains pending, Mr. Musk argues, *inter alia*, that the SEC's enforcement action must be dismissed because of fundamental constitutional infirmities. Resolution of the pending motion to dismiss in Mr. Musk's favor would moot the need for this Court to hold on the instant motion for summary judgment as to liability.

### *Discovery In This Case Has Not Commenced*

5.  The SEC moved for summary judgment as to liability in this action before Defendant's motion to dismiss was fully briefed (much less decided), before entry of a Rule 16 scheduling order, and before the filing of an answer.

6.  To date, the SEC has not filed initial disclosures under Rule 26(a)(1)(A). Nor has the SEC produced a single document or taken a single deposition. Mr. Musk has not had the benefit of interrogatories, document requests, requests for admission, or depositions. Mr. Musk likewise has not had an opportunity to take third-party or expert discovery in connection with the claims and defenses at issue.

7.  The SEC's complete investigative file spans nearly three years and includes at least 32 administrative subpoenas to Mr. Musk and associated entities and individuals, including five document subpoenas to Mr. Musk personally. The SEC's investigative file includes documents produced pursuant to these subpoenas and transcripts by both Mr. Musk and third parties (including Morgan Stanley and Twitter) and may include other materials such as witness interview memoranda. These materials, to which Mr. Musk does not have access, are highly relevant to the

claims and defenses in this action and to Mr. Musk's opposition to the SEC's motion for summary judgement as to liability.

### *Discovery Is Necessary For Mr. Musk To Oppose Summary Judgment As To Liability*

8. The SEC possesses extensive relevant material and discoverable information to which Mr. Musk currently lacks access that is necessary for Mr. Musk to adequately and fully respond to Plaintiff's motion for summary judgment as to liability, including discovery as to:

   a. *Discovery as to Mr. Musk's Lack of Fault and Good Faith, Reasonableness, and Diligence.* Relevant discovery as to Mr. Musk's lack of fault and good faith, reasonableness, and diligence includes: The SEC's complete investigative file, including documents from third parties, and exculpatory evidence in the SEC's sole possession bearing on Mr. Musk's lack of fault and good faith, reasonableness, and diligence;

   b. *Discovery Into Mr. Musk's Reliance And Good Faith Defenses.* Relevant discovery into Mr. Musk's reliance and good faith defenses includes: Communications between the SEC and Morgan Stanley concerning the Twitter securities purchases and the Broker's understanding of Schedule 13D and 13G filing requirements, as well as documents and testimony from Morgan Stanley personnel concerning the Broker's statements to Mr. Birchall about filing obligations and the Broker's understanding of when a Schedule 13G versus 13D was appropriate, and the Broker's knowledge of industry practices for beneficial ownership filings.

   c. *Discovery Into The SEC's Selective Prosecution Of Mr. Musk.* Relevant discovery as to the SEC's selective prosecution of Mr. Musk includes: Evidence concerning the SEC's treatment of comparable beneficial owners and the SEC's enforcement posture toward alleged late filings by other beneficial owners, as well as evidence concerning the SEC's decision to prosecute Mr. Musk and to seek permanent injunctive relief, disgorgement, and monetary

penalties, including internal SEC documents such as emails, texts, action memos, meeting memoranda, and enforcement data concerning the Commission and any individual Commissioner's decision to authorize the filing of this enforcement action in federal court.

    d.  *Discovery Into The Governmental Interests Served By The SEC's Enforcement Of Section 13(d).* Relevant discovery into the governmental interests served by the SEC's enforcement of Section 13(d) includes: Evidence concerning the SEC's enforcement priorities under Section 13(d) and its historical practice in enforcing Section 13(d), including internal SEC communications about the purpose and effectiveness of Section 13(d) enforcement;

    e.  *Discovery Into Section 13(d)'s Vagueness.* Relevant discovery into Section 13(d)'s vagueness includes: Evidence concerning the 2023 amendment to Section 13(d) and Rule 13d-1, especially regarding the reasons for the addition of the term "business" before "days" and the reasons for shortening the time to file a Schedule 13G/D, as well as any internal SEC communications or meeting memoranda discussing whether the word "days" in Section 13(d) refers to calendar or business days before the 2023 amendment;

    f.  *Discovery Into The SEC's Request for Unconstitutional Relief.* Relevant evidence concerning the SEC's request for unconstitutional relief includes: Evidence concerning the SEC's theories supporting disgorgement in this case, including any event studies, economic analyses, or internal or external expert opinions on which the SEC relied to calculate alleged investor harm and alleged savings, and any analysis of what portion of the April 4, 2022 stock price increase is allegedly attributable to the ownership disclosure;

    g.  *Discovery Into SEC Commissioners' Removal Protections*. Relevant discovery into the actual and historical removal protections afforded to SEC Commissioners includes: Evidence concerning attempts to remove or thwart the removal of any SEC

Commissioner, internal and external SEC communications concerning removal protections, evidence concerning the SEC's actual and historic understanding and practice pursuant to removal protections, and meeting memoranda reflecting discussions of the same.

9. Mr. Musk must obtain documents and testimony from the Broker, other Morgan Stanley personnel, Mr. Birchall, and other third parties regarding the circumstances surrounding the alleged disclosure violation—evidence directly relevant to whether Mr. Musk failed to exercise reasonable care.

10. Once the SEC makes its required Rule 26 disclosures, Mr. Musk will also seek discovery from any witnesses the SEC identifies, such as the Assistant Director of the SEC's EDGAR Business Office who conducted a previously undisclosed analysis of Mr. Musk's EDGAR filings in connection with the SEC's motion for summary judgment.

11. Mr. Musk also requires expert testimony to establish industry standards and demonstrate that his conduct satisfied the applicable duty of care.

12. And Mr. Musk needs internal SEC documents—including emails, texts, action memos, meeting memoranda, and enforcement data—to substantiate his constitutional challenges.

13. These are specific, identifiable categories of evidence that go to the heart of Mr. Musk's defenses to the SEC's motion for summary judgment on liability. This discovery is therefore necessary for Mr. Musk to oppose the SEC's premature motion for summary judgment as to liability and to develop the claims and defenses at issue.

14. All of the foregoing information is both material and discoverable and unavailable to Mr. Musk absent discovery.

I declare under penalty of perjury under the laws of the United States of America and the District of Columbia that the foregoing is true and correct to the best of my knowledge.

Executed on this 14 day of January, 2026 in Washington, D.C.

Sarah Heaton Concannon (D.C. Bar No. 1780045)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th Ave. NW, Suite 600
Washington, DC 20004
(202) 538-8122
sarahconcannon@quinnemanuel.com

*Attorney for Elon Musk*