# EXHIBIT C

Message
___

**From:** ▬▬▬▬▬@morganstanleypwm.com]
**Sent:** 2/25/2022 3:24:53 PM
**To:** Jared Birchall ▬▬▬▬
**Subject:** This requires one of...

The attorneys who is defending against the SEC to confirm (and MS doesn't have someone to opine legally re the filing, or that has opined as yet). I am trying to get information as to what has occurred in the past for other client, though few of course are in such a circumstance.

The issue comes to 'has become obligated.' Or 'is obligated' say by the end of the year. I highlight certain language:

https://www.law.cornell.edu/cfr/text/17/240.13d-1

**(d)** Any person who, as of the end of any calendar year, is or becomes directly or indirectly the beneficial owner of more than five percent of any equity security of a class specified in paragraph (i) of this section and who is not required to file a statement under paragraph (a) of this section by virtue of the exemption provided by Section 13(d)(6)(A) or (B) of the Act (15 U.S.C. 78m(d)(6)(A) or 78m(d)(6)(B)), or because the beneficial ownership was acquired prior to December 22, 1970, or because the person otherwise (except for the exemption provided by Section 13(d)(6)(C) of the Act (15 U.S.C. 78m(d)(6)(C))) is not required to file a statement, shall file with the Commission, within 45 days after the end of the calendar year in which the person became obligated to report under this paragraph (d), a statement containing the information required by Schedule 13G (§ 240.13d-102).

**(g)** Any person who has reported an acquisition of securities in a statement on Schedule 13G (§ 240.13d-102) pursuant to paragraph (b) of this section, or has become obligated to report on the Schedule 13G (§ 240.13d-102) but has not yet filed the Schedule, and thereafter ceases to be a person specified in paragraph (b)(1)(ii) of this section or determines that it no longer has acquired or holds the securities in the ordinary course of business shall immediately become subject to § 240.13d-1(a) or § 240.13d-1(c) (if the person satisfies the requirements specified in § 240.13d-1(c)), and §§ 240.13d-2 (a), (b) or (d), and shall file, within 10 days thereafter, a statement on Schedule 13D (§ 240.13d-101) or amendment to Schedule 13G, as applicable, if the person is a beneficial owner at that time of more than five percent of the class of equity securities.

Will follow as I learn more



▬▬▬, Managing Director
Private Wealth Advisor, ▬▬▬▬
**Morgan Stanley Private Wealth Management**
444 S. Flower Street, 34th Floor  Los Angeles, CA 90071
▬▬▬▬
▬▬▬@morganstanleypwm.com
▬▬▬ | LinkedIn | Twitter

Named to Barron's "Top 100 Financial Advisors" list, April 2021

Named to Forbes "Best-in-State Wealth Advisors" list, February 2021
Morgan Stanley Awards Disclosures

DISCLAIMERS: Morgan Stanley Smith Barney LLC, its affiliates, Financial Advisors or Private Wealth Advisors do not provide tax or legal advice. Clients should consult their tax advisor for matters involving taxation and tax planning and their attorney for matters involving trust and estate planning and other legal matters.

Any attorney, accountant or other professional recommendations are suggestions provided to the client at their specific request and they should conduct their own interviews and make their own decisions regarding whom to engage.

If you would like to unsubscribe from marketing e-mails from Morgan Stanley Wealth Management, you may do so here . Please note, you will still receive service e-mails from Morgan Stanley Wealth Management.

You may have certain rights regarding the information that Morgan Stanley collects about you. Please see our Privacy Pledge https://www.morganstanley.com/privacy-pledge for more information about your rights.

To view Morgan Stanley's Client Relationship Summary and other important disclosures about our accounts and services, please visit  www.morganstanley.com/disclosures/account-disclosures

Confidential

ERM-Oklahoma0011576