UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE
COMMISSION,

                        Plaintiff,

v.

ELON MUSK

                        Defendant.

Case No. 25-cv-00105-SLS

---

**RESPONSE TO MOTION TO SEAL**

Defendant Elon Musk has moved to seal certain materials filed in support of his opposition to Plaintiff Securities and Exchange Commission's motion for summary judgment. Musk did not identify the specific information he seeks to seal before filing his motion. Having now reviewed the materials, the SEC partially opposes the motion and otherwise takes no position.

While the Court enjoys significant discretion in deciding whether to seal court records, there is a "strong presumption in favor of public access to judicial proceedings." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). The Court of Appeals for the District of Columbia Circuit has identified six factors that a district court should consider when deciding whether a party or non-party's privacy interests should overcome this presumption:

    (1) the need for public access to the documents at issue;
    (2) the extent of previous public access to the documents;
    (3) the fact that someone has objected to disclosure, and the identity of that person;
    (4) the strength of any property and privacy interests asserted;
    (5) the possibility of prejudice to those opposing disclosure; and

> (6) the purposes for which the documents were introduced during the judicial proceedings.

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).

Musk has identified three categories of materials he believes should be sealed: (1) testimony from the SEC's underlying investigation; (2) the names of third parties; and (3) Musk's own financial information.

As to the first category, the SEC opposes Musk's motion to the extent he relies solely on the non-public nature of SEC investigative testimony. Standing alone, the fact that testimony was taken in the course of a non-public investigation does not outweigh the presumption in favor of public access to judicial proceedings. The *per se* rule that Musk suggests by his request is too broad and too divorced from the *Hubbard* factors.

*SEC v. Ripple Labs, Inc.*, 2023 WL 3477552 (S.D.N.Y. May 16, 2023), which Musk cites in his motion, is not to the contrary. In that case, the court agreed to seal certain "private documents," including an investment memo written by a potential investor in Ripple and Ripple's Wells submission.[1] *Id.* at *7. The court explained that these documents were "minimally relevant to the summary

---

[1] A "Wells submission" is "a voluntary submission to the Commission regarding the Division of Enforcement's proposed recommendation" of charges against a party. *See* Securities and Exchange Commission Enforcement Manual, § 2.4, www.sec.gov/divisions/enforce/enforcementmanual.pdf.

judgment motions" pending before the court, that Ripple had "privacy, proprietary, and business interests" in keeping them under seal, and that recipients of SEC requests have a need "to communicate with the agency to resolve matters." *Id.* Here, by contrast, Musk has argued that the testimony he seeks to seal is essential to his opposition to the SEC's summary judgment motion, he has not specified what in the testimony might be private or proprietary, and the testimony he seeks to seal is not a "communication" with the SEC to resolve a matter.

As to the second category, the SEC takes no position as to whether disclosure of the names of certain third parties should be kept under seal. The SEC agrees that the identities of these individuals are incidental to issues before the Court, and the SEC has no interest in bringing undue attention to third parties. In the interest of full candor, however, the SEC does note that at least some of the information that Musk seeks to protect has been disclosed in public court filings in multiple different matters, including *Pampena v. Musk*, No. 3:22-cv-05937-CRB (N.D. Cal.), and *Twitter, Inc. v. Musk, et al.*, No. 2022-0613-KSJM (Del. Ch.).[2]

Finally, the SEC takes no position on Musk's request to redact certain of his own financial information that is not directly relevant to the summary judgment issues before the Court, specifically the charts appearing on page 4 of Exhibit H. The information in in these charts is now several years old, but the SEC agrees that

---

[2] The SEC can provide pin cites at the Court's request.

making it public would be of limited value given that it is not relevant to the SEC's claims against Musk.

On the other hand, the charts appearing on page 5 of Exhibit H include a summary and analysis of Musk's purchases of shares of Twitter stock, which is relevant to the SEC's claims (although Musk has not disputed that he crossed the 5% threshold on March 14, 2022). The SEC therefore opposes sealing the charts on page 5.

Dated: January 22, 2026                Respectfully submitted,

                                                */s/ Zachary A. Avallone*
Melissa J. Armstrong
Zachary Avallone
Securities and Exchange Commission
100 F Street NE, Room 1520
Washington, DC 20549
(202) 551-4724
armstrongme@sec.gov
avallonez@sec.gov