UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>         v.<br><br>ELON MUSK<br><br>                              Defendant. | Case No. 25-cv-00105-SLS |

### DEFENDANT ELON MUSK'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO SEAL DOCUMENTS

Defendant Elon Musk ("Mr. Musk" or "Defendant") respectfully submits this memorandum of law in reply to the response submitted by Plaintiff U.S. Securities and Exchange Commission ("SEC" or "Plaintiff") ("Response," ECF No. 29) and in further support of Defendant's motion to seal documents in connection with his opposition to Plaintiff SEC's motion for summary judgment as to liability ("Motion," ECF No. 27). For the reasons set forth in Defendant's Motion and below, Mr. Musk requests that this Court enter the revised proposed order submitted herewith maintaining under seal limited portions of Exhibits A, C, D, E, F, and H to the Declaration of Rachel G. Frank in support of Defendant's opposition comprising: (i) personally identifiable information ("PII") of employees of non-party Morgan Stanley maintained under seal by the court in the pending action captioned *Oklahoma Firefighters Pension & Retirement Sys. v. Musk*, 22-cv-3026-ALC-GWG (S.D.N.Y.) ("*Okla. Firefighters*"); (ii) Mr. Musk's financial information and proprietary and confidential business strategies; and (iii) proprietary and confidential information of non-party Morgan Stanley maintained under seal by the court in *Oklahoma Firefighters*. In light of the SEC's stated position that it does not seek to maintain under seal the non-public SEC investigative testimony submitted by Mr. Musk in support of his

1

opposition to Plaintiff's motion for summary judgment, Mr. Musk withdraws his request to seal Exhibit B to his motion (testimony of Mr. Musk, ECF No. 27-4) and limits his request to seal Exhibit A to his motion (testimony of Jared Birchall, ECF No. 27-3) to non-party PII. The revised proposed order submitted herewith reflects these positions.

**PII of Non-Parties:** Mr. Musk proposes limited redactions of PII of non-parties (names, titles, and email addresses of Morgan Stanley employees) contained in Exhibits A, C, D, E, F, and H to his motion to seal. ECF Nos. 27-3, 27-5, 27-6, 27-7, 27-8, 27-9. It is well-established that PII of non-parties can be redacted, since the public's interest in those individuals' identities at this stage of the proceedings does not outweigh the individuals' interest in maintaining their privacy. *See, e.g.*, *McConnell v. Fed. Election Commission*, 251 F. Supp. 2d 919, 937 (D.D.C. 2003) (permitting redaction of "personal information" including "accountant's name and contact information" and "e-mail addresses" because publication "will not serve to advance the public's understanding of that document").

The SEC "takes no position as to whether disclosure of the names of certain third parties should be kept under seal." Response at 3. The SEC notes, however, that "at least some of the information that Musk seeks to protect" (but not all of it) may previously have been disclosed in prior litigation. *Id.* As stated in Mr. Musk's motion, in *Oklahoma Firefighters*, the United States District Court for the Southern District of New York has entered an order maintaining this information under seal at the request of Morgan Stanley. *See* Sealing Order, *Okla. Firefighters*, ECF No. 95 (S.D.N.Y. May 20, 2024). In its letter to the court in that action, Morgan Stanley stated that "[t]he names of the third-party individuals at issue are not material to the Court's or the public's understanding of the allegations." Correspondence from Jonathan D. Polkes (Weil, Gotshal & Manges LLP) to the Hon. Gabriel W. Gorenstein, *Okla. Firefighters*, ECF. No. 85

(S.D.N.Y. May 10, 2024). So too here, as the SEC agrees. Response at 3 ("The SEC agrees that the identities of these individuals are incidental to the issues before the Court, and the SEC has no interest in bringing undue attention to third parties."). Mr. Musk accordingly requests that the Court enter an order maintaining non-party PII under seal.

**Mr. Musk's Financial Information and Business Strategies:** The SEC does not object to maintaining Mr. Musk's financial information under seal. *See* Response at 3 ("tak[ing] no position on Musk's request to redact certain of his own financial information that is not directly relevant to the summary judgment issues before the Court, specifically the charts appearing on page 4 of Exhibit H"). For the reasons set forth in Mr. Musk's Motion, Mr. Musk accordingly requests that the Court enter an order maintaining his personal financial information and proprietary and confidential business strategies under seal. Motion at 4 (citing *Federal Trade Comm'n v. Seven & I Holdings, Co., Ltd.*, 2023 WL 11730304, at * 2 (D.D.C. Dec. 6, 2023) ("'[C]onfidential business information that should be kept private for competitive business reasons' has been recognized by courts in this district as an interest strong enough to merit non-disclosure." (citation omitted))).

**Proprietary and Confidential Communications of Non-Parties:** Limited redactions of non-public proprietary and confidential information of non-party Morgan Stanley should also remain under seal because such information constitutes confidential client communications providing professional advice. *See* Motion at 4; *see also United States v. Anthem*, 2016 WL 11164047, at *2 (D.D.C. Nov. 19, 2016) (finding that "[w]here a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great" especially where "public's need to access [confidential non-party business information] is *de minimis*") (citation omitted)). Specifically, Mr. Musk seeks to maintain under seal portions of Exhibit H, including information

3

setting forth non-party Morgan Stanley's trading techniques, as well as its manner and means of communicating with Mr. Birchall concerning stock purchases. This material is non-public, confidential, and proprietary.

The SEC does not object to the redactions in Exhibit H, except for a single page of charts which were prepared by a non-party summarizing its own proprietary and confidential trading techniques. The SEC states the charts on page 5 should be unsealed because the charts are "relevant to the SEC's claims." Response at 4. But the SEC does not explain how these charts—on which Mr. Musk does not rely to show a genuine issue of material fact for trial, *see* Statement of Genuine Issues ¶ 67 (relying on *other* portions of Exhibit H)—are relevant to the SEC's claims against Mr. Musk or to this Court's decision on the SEC's motion for summary judgment as to liability or Mr. Musk's Rule 56(d) motion. Nor does the SEC explain why these charts are necessary for the public to understand the SEC's arguments. *See United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980). Mr. Musk accordingly requests that the Court enter an order maintaining all non-party proprietary and confidential information in Exhibit H under seal.

\* \* \* \* \*

For the foregoing reasons and those set forth in Mr. Musk's motion, Mr. Musk respectfully requests that this Court enter the accompanying revised proposed order maintaining materials under seal.

| | |
|---|---|
| Dated: January 30, 2026 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>*/s/ Sarah Concannon*<br><br>Sarah Heaton Concannon (D.C. Bar No. 1780045)<br>Rachel G. Frank (D.C. Bar No. 1659649)<br>555 13th Street NW, Suite 600<br>Washington, D.C. 20004<br>(202) 538-8000<br>sarahconcannon@quinnemanuel.com<br>rachelfrank@quinnemanuel.com<br><br>Alex Spiro (*pro hac vice*)<br>295 5th Ave, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>alexspiro@quinnemanuel.com<br><br>*Attorneys for Elon Musk* |

5