UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>ELON MUSK,<br><br>*Defendant*. | Civil Action No. 25 - 105 (SLS)<br>Judge Sparkle L. Sooknanan |

## ORDER

Mr. Musk moves to seal portions of his Opposition to the Security and Exchange Commission's (SEC) Motion for Summary Judgment as to Liability, as well as portions of attachments to that Opposition. Mot. Seal, ECF No. 27; *see* LCvR 5.1(h). After the SEC filed a response to Mr. Musk's Motion to Seal, Opp'n, ECF No. 29, Mr. Musk withdrew his request to seal in part, Reply, ECF No. 31. Accordingly, there are only two categories of information remaining that Mr. Musk seeks to seal: (1) the names, titles, and email addresses—which Mr. Musk refers to as "personally identifiable information" (PII)—of non-party individuals; and (2) communications regarding Mr. Musk's investments and other financial information. For the reasons below, the Court grants Mr. Musk's Motion in part and denies it in part.

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). This Courts considers "six factors 'that might act to overcome this presumption'"—the so-called *Hubbard* factors. *Id.* (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409); *see United States*

*v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). They are: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409).

*Non-Party PII*. With respect to the names, titles, and email addresses of non-party individuals, the Court agrees with Mr. Musk that the *Hubbard* factors weigh in favor of sealing. The public does not need this information to understand the Parties' arguments regarding the SEC's Motion for Summary Judgment as to Liability, nor does the Court anticipate that it will be relevant to the Court's adjudication of that motion. *See McConnell v. FEC*, 251 F. Supp. 2d 919, 937 (D.D.C. 2003) ("[B]ecause the personal information contained in [a document]—namely, a certified public accountant's name and contact information—will not serve to advance the public's understanding of that document, RNC Plaintiffs may redact this information before releasing it to the public."). The SEC represents, and Mr. Musk does not appear to dispute, that some of the information at issue has been disclosed in public court filings. Opp'n 3; *see* Reply 2–3. But even if that is true, the Court agrees with the Parties that there is no reason to bring further attention to these individuals. *See* Opp'n 3; Reply 2–3. Because the names, titles, and email addresses of non-party individuals are tangential to the matters at issue in this case, and because no one has objected to sealing this information, the Court agrees with Mr. Musk that this information should be redacted from public filings.

*Mr. Musk's Investments and Financial Information.* Mr. Musk also moves to seal "the portions of Exhibit H" to the Frank Declaration (attached to Mr. Musk's Opposition to the SEC's Motion for Summary Judgment as to Liability) "that have not previously been made public." Mot. Seal 4 (boldface omitted); *see* ECF No. 28-11. The SEC opposes this request with respect to tables on page five of Exhibit H, but otherwise takes no position. Opp'n 3–4.

The Court agrees with Mr. Musk that some portions of the disputed tables should be redacted. The three tables at the top of page five appear to reflect a target ownership percentage. And the tables taking up most of page five seem to include information salient to trading decisions made on Mr. Musk's behalf. This information could be understood to reflect nonpublic business strategies, and "courts in this [D]istrict" have considered the privacy of such information to be "an interest strong enough to merit non-disclosure." *FTC v. Seven & I Holdings, Co.*, No. 23-cv-3600, 2023 WL 11730304, at *2 (D.D.C. Dec. 6, 2023); *see also, e.g.*, *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 83 (D.D.C. 2020) ("Valid privacy and property interests are not limited to personal details, but may also include confidential business information that should be kept private for competitive business reasons.").

But the balance tips the other way for other portions of the tables on page five—specifically, the columns labeled "Date," "Shares bought," and "Price" in the largest table on page five. This information has been disclosed already in this litigation. *See* ECF No. 18-1, at 14. And it is relevant to the SEC's claim. Although Mr. Musk contends that the tables on page five generally consist of proprietary business information, he does not explain why the columns labeled "Date," "Shares bought," and "Price" fit that description. Reply 3–4. Accordingly, no privacy interest overcomes the "strong presumption in favor of public access to judicial proceedings" with

respect to those columns. *Hardaway*, 843 F.3d at 980 (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409). The tables on page five may otherwise be redacted.

Finally, the Court agrees with Mr. Musk with respect to the remaining redacted portions of Exhibit H. Many of these redactions are of non-parties' names, titles, and email addresses. The other redactions concern investments and other financial information unrelated to this case. The Court sees no need for the public to have access to this information, which may also be plausibly characterized as reflecting non-public business strategies.

For all these reasons, the Court **GRANTS** in part and **DENIES** in part Mr. Musk's Motion to Seal, ECF No. 27. As to Exhibits A, C, D, E, F and H to the Frank Declaration, the names, titles, and email addresses of non-parties shall remain under seal. Exhibits A and B shall otherwise be unsealed. As to Exhibit H, the columns of the large table on page five labeled "Date," "Shares bought," and "Price" shall be unsealed, but all other information previously redacted shall remain under seal. It is further

**ORDERED** that Mr. Musk re-file his Opposition to the SEC's Motion for Summary Judgment as to Liability and supporting materials to the extent necessary to conform to this Order by February 17, 2026.

**SO ORDERED.**

 

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   February 11, 2026