**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SECURITIES AND EXCHANGE
COMMISSION,

                                Plaintiff,

       v.

ELON MUSK

                               Defendant.

Case No. 25-cv-00105-SLS

**JURY TRIAL DEMANDED**

**DEFENDANT ELON MUSK'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF SECURITIES AND EXCHANGE
<u>COMMISSION'S COMPLAINT</u>**

Defendant Elon Musk ("Defendant"), by his undersigned attorneys, hereby answers the Complaint filed by Plaintiff Securities and Exchange Commission ("SEC") on January 14, 2025 (ECF No. 1).   Defendant denies any allegations made in the unnumbered headings contained in the Complaint.   Defendant further denies each and every allegation set forth in the Complaint except for those allegations expressly and specifically admitted below.

## SUMMARY OF THE ACTION

1.      Defendant states that Paragraph 1 contains legal conclusions to which no response is required.   To the extent Paragraph 1 sets forth factual allegations, those are denied.

2.      Defendant denies the allegations in the first sentence of Paragraph 2, except admits that the Elon Musk Revocable Trust dated July 22, 2003 ("Revocable Trust") began acquiring shares of Twitter common stock beginning on January 31, 2022 through a broker.   Defendant denies the allegations in the second sentence of Paragraph 2, except admits that the Revocable Trust acquired more than 5% of Twitter's outstanding shares and admits to the filing of a Schedule 13G on April 4, 2022, the first trading day after the broker brought to Mr. Birchall's attention that a filing might be due, and respectfully refers the Court to the Schedule 13G for its true and correct contents.

3.      Defendant states that Paragraph 3 contains legal conclusions to which no response is required.   To the extent Paragraph 3 sets forth factual allegations, those are denied.

4.      Defendant denies the allegations in the first sentence of Paragraph 4, except admits to the filing of a Schedule 13G on April 4, 2022, the first trading day after the broker brought to Mr. Birchall's attention that a filing might be due, and respectfully refers the Court to the Schedule 13G for its true and correct contents and denies the allegations in the first sentence of Paragraph 4 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.   With regard to the second sentence of Paragraph 4, Defendant respectfully refers the Court to information concerning historical prices of Twitter stock for its true and correct contents and denies the allegation to the extent Plaintiff has misreported those contents, mischaracterized

them, or taken them out of context.

5.      Defendant states that Paragraph 5 contains legal conclusions to which no response is required.    To the extent Paragraph 5 sets forth factual allegations, those are denied.

## JURISDICTION AND VENUE

6.      Defendant states that Paragraph 6 contains legal conclusions to which no response is required.    To the extent Paragraph 6 sets forth factual allegations, those are denied, including because the Commissioners' for-cause removal protections contravene the President's removal power under Article II, which requires immediate dismissal of this action to stop subjecting Defendant to an ongoing unconstitutional proceeding.

7.      Defendant states that Paragraph 7 contains legal conclusions to which no response is required.    To the extent the first sentence of Paragraph 7 sets forth factual allegations, those are denied, except Defendant admits to the filing of a Schedule 13G on April 4, 2022, the first trading day after the broker brought to Mr. Birchall's attention that a filing might be due, and admits to the filing of a Schedule 13D on April 5, 2022, and respectfully refers the Court to the Schedules 13G and 13D for their true and correct contents.    Defendant denies the allegations in the second sentence of Paragraph 7, including because during the relevant period, Rule 13d-1(a) was impermissibly vague and ambiguous as to whether "days" meant "business days" or "calendar days."    Rule 13d-1's impermissibly vague and ambiguous filing deadline violates Defendant's right to Due Process, because the rule failed to provide Defendant with fair notice.

## DEFENDANT

8.      With respect to the allegations in the first sentence of Paragraph 8, Defendant admits that, as of the date of this Answer, he resides in Texas, is 54 years old, and is a businessman and executive at various companies, including Tesla, Inc. ("Tesla"), where he serves as CEO. With respect to the allegations in the second sentence of Paragraph 8, Defendant denies the allegations, and respectfully refers the Court to Tesla's public filings for their true and correct contents and denies the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.    Defendant denies the allegations in the last

two sentences of Paragraph 8, except admits that Defendant made an offer to purchase Twitter on or about April 13, 2022 and completed the acquisition of Twitter in October 2022.   Defendant states that footnote 1 to Paragraph 8 contains legal conclusions to which no response is required. To the extent footnote 1 to Paragraph 8 sets forth factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 to Paragraph 8.

**RELEVANT ENTITY**

9.      Defendant states that Paragraph 9 asserts legal conclusions to which no response is required.   To the extent Paragraph 9 sets forth factual allegations, Defendant admits that Defendant owns an indirect, controlling interest in X Corp. (formerly Twitter, Inc.) and that prior to October 2022, Twitter securities were listed and traded on the NYSE under the ticker symbol TWTR.

**STATUTORY AND REGULATORY FRAMEWORK**

10.      Defendant states that Paragraph 10 asserts legal conclusions to which no response is required.   To the extent Paragraph 10 sets forth factual allegations, Defendant denies the allegations in Paragraph 10 concerning Congress' purpose in enacting Section 13(d) of the Exchange Act, and respectfully refers the Court to the statute's text and legislative history for its true and correct contents, and denies the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

11.      Defendant states that Paragraph 11 asserts legal conclusions to which no response is required.   To the extent Paragraph 11 sets forth factual allegations, those are denied, including because during the relevant period, Rule 13d-1(a) was impermissibly vague and ambiguous as to whether "days" meant "business days" or "calendar days."   Rule 13d-1's impermissibly vague and ambiguous filing deadline violates Defendant's right to Due Process, because the rule failed to provide Defendant with fair notice.   Defendant states that footnote 2 to Paragraph 11 asserts legal conclusions to which no response is required.   To the extent footnote 2 to Paragraph 11 sets forth factual allegations, Defendant admits that the Commission amended Rule 13d-1 in 2023 and

respectfully refers the Court to the amendment for its true and correct contents and denies the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

12.    Defendant states that Paragraph 12 asserts legal conclusions to which no response is required.    To the extent Paragraph 12 sets forth factual allegations, Defendant admits that the first sentence of Paragraph 12 contains an excerpt from Section 13(d)(1) and Rule 13d-1(c), and respectfully directs the Court to that statute and rule for their true and correct contents, and denies the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.    Defendant denies the allegations in the second sentence of Paragraph 12, including because during the relevant period, Rule 13d-1(a) was impermissibly vague and ambiguous as to whether "days" meant "business days" or "calendar days."    Rule 13d-1's impermissibly vague and ambiguous filing deadline violates Defendant's right to Due Process, because the rule failed to provide Defendant with fair notice.

13.    Defendant states that Paragraph 13 contains a legal conclusion to which no response is required.    To the extent Paragraph 13 sets forth factual allegations, those are denied.    *See generally* Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion for Summary Judgment (ECF No. 27-10) (Section 13(d) is a "no intent" statute, not a "strict liability" statute, and therefore requires proof of at least negligence.).

## FACTS

**A.    Musk Accumulates Over Five Percent of Twitter's Common Stock, But Fails to Disclose His Stake When Required**

14.    Defendant denies the allegations of Paragraph 14, except admits that on or about January 31, 2022, Mr. Birchall instructed a broker to start purchasing shares of Twitter common stock on behalf of the Revocable Trust.

15.    Defendant denies the allegations in Paragraph 15.

16.    Defendant denies the allegations in Paragraph 16.

4

17.     Defendant denies the allegations in Paragraph 17, except admits that, at some point, Mr. Birchall understood that some disclosure would be required after passing 5% beneficial ownership, and further states that, based on his communications with the broker and his own independent research, Mr. Birchall incorrectly concluded that Section 13(d) required disclosure at year-end after crossing the 5% threshold.

18.     Defendant denies the allegations in Paragraph 18, except admits that Mr. Birchall directed the broker to purchase shares of Twitter common stock on behalf of the Revocable Trust during the stated time period.

19.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 19 and therefore denies them.

20.     Defendant states that Paragraph 20 contains a legal conclusion to which no response is required.   To the extent Paragraph 20 sets forth factual allegations, Defendant admits that he did not personally seek or obtain legal advice in February or March 2022 concerning his obligations, if any, under Section 13(d).   Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 20 with regard to Mr. Birchall and therefore denies them.

21.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 21 and therefore denies them, except admits that on or about March 8, 2022, the broker wrote to Mr. Birchall (without copying Defendant), "As you can see we are likely to cross over the 5% soon. (Pls confirm that you are comfortable with a year-end filing of the 13D/G)," and Mr. Birchall responded, "Yep, fine with the year-end filing."

22.     Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 22 and therefore denies them, except admits that on or about March 8, 2022, the broker wrote to Mr. Birchall (without copying Defendant), "As you can see we are likely to cross over the 5% soon. (Pls confirm that you are comfortable with a year-end filing of the 13D/G)," and Mr. Birchall responded, "Yep, fine with the year-end filing."

23.     Defendant denies the allegations of Paragraph 23, except admits that the broker

purchased certain shares of Twitter common stock on behalf of the Revocable Trust on March 14, 2022.   Defendant respectfully refers the Court to Schedule I to the April 5, 2022 Schedule 13D for its true and correct contents and denies the allegations in Paragraph 23 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

24.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 24 and therefore denies them.

25.    Defendant states that Paragraph 25 contains a legal conclusion to which no response is required.   To the extent Paragraph 25 sets forth factual allegations, those are denied, including because during the relevant period, Rule 13d-1(a) was impermissibly vague and ambiguous as to whether "days" meant "business days" or "calendar days."   Rule 13d-1's impermissibly vague and ambiguous filing deadline violates Defendant's right to Due Process, because the statute and rule failed to provide Defendant with fair notice.

26.    With regard to the first sentence of Paragraph 26, Defendant admits that the broker purchased certain shares of Twitter common stock on behalf of the Revocable Trust between March 14, 2022 and March 24, 2022.   With regard to the second sentence of Paragraph 26, Defendant respectfully refers the Court to Schedule I to the April 5, 2022 Schedule 13D for its true and correct contents and denies the allegations in the second sentence of Paragraph 26 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

27.    Defendant admits that the earliest date on which either a Schedule 13G or a Schedule 13D was filed in connection with the Revocable Trust's purchases of Twitter common stock was the filing of a Schedule 13G on April 4, 2022, the first trading day after the broker brought to Mr. Birchall's attention that a filing might be due, and respectfully refers the Court to the Schedule 13G for its true and correct contents.

**B.    Musk Continues to Accumulate Twitter Common Stock in the Days Following the Deadline to Disclose His Stake**

28.    Defendant denies the allegations of Paragraph 28, except admits that the broker purchased certain shares of Twitter common stock on behalf of the Revocable Trust on March 25,

2022.   Defendant respectfully refers the Court to Schedule I to the April 5, 2022 Schedule 13D for its true and correct contents and denies the allegations in the Paragraph 28 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30, except admits that a conversation between Defendant and a member of Twitter's Board of Directors occurred on or about March 27, 2022 and denies the allegations in Paragraph 30 to the extent Plaintiff has misreported that conversation, mischaracterized it, or taken it out of context.

31.     Defendant denies the allegations in Paragraph 31, except admits that Defendant received a text message on or about March 27, 2022, and respectfully refers the Court to the text message for its true and correct contents, and denies the allegations of Paragraph 31 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

32.     Defendant denies the allegations of Paragraph 32, except admits that the broker purchased certain shares of Twitter common stock on behalf of the Revocable Trust on March 28, 2022.   Defendant respectfully refers the Court to Schedule I to the April 5, 2022 Schedule 13D for its true and correct contents and denies the allegations in Paragraph 32 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

33.     Defendant denies the allegations of Paragraph 33, except admits that the broker purchased certain shares of Twitter common stock on behalf of the Revocable Trust on March 29, 2022.   Defendant respectfully refers the Court to Schedule I to the April 5, 2022 Schedule 13D for its true and correct contents and denies the allegations in Paragraph 33 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant denies the allegations of Paragraph 35, except admits that the broker purchased certain shares of Twitter common stock on behalf of the Revocable Trust on March 31, 2022.   Defendant respectfully refers the Court to Schedule I to the April 5, 2022 Schedule 13D for its true and correct contents and denies the allegations in Paragraph 35 to the extent Plaintiff

has misreported those contents, mischaracterized them, or taken them out of context.

36.     Defendant denies the allegations in Paragraph 36 except admits that Defendant spoke with Twitter's CEO and the Board Chair on March 31, 2022.

37.     Defendant denies the allegations of Paragraph 37, except admits that the broker purchased certain shares of Twitter common stock on behalf of the Revocable Trust on April 1, 2022.   Defendant respectfully refers the Court to Schedule I to the April 5, 2022 Schedule 13D for its true and correct contents and denies the allegations in Paragraph 37 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

38.     Defendant admits that on April 1, 2022, immediately after the broker informed Mr. Birchall for the first time that "[t]oday was the first time I'd heard that one may interpret [Rule 13d-1's language] 'within 10 days of acquiring 5% …' a date which is in the near rear-view," Mr. Birchall contacted an attorney.   Defendant does not waive, and expressly reserves, the attorney-client privilege with regard to the full and complete contents of that communication.

39.     With regard to the first and second sentences of Paragraph 39, Defendant admits that Twitter invited Defendant to join its board of directors and avers that the invitation was disclosed to the public by April 5, 2022.   With regard to the third sentence of Paragraph 39, Defendant respectfully refers the Court to the paperwork referenced for its true and correct contents and denies the allegations in the third sentence of Paragraph 39 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

## C.    Musk Publicly Discloses His Stake in Twitter and Twitter's Stock Price Increases Dramatically

40.     Defendant denies the allegations in the first sentence of Paragraph 40, and respectfully refers the Court to the Schedule 13G filed on April 4, 2022 for its true and correct contents and denies the allegations to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.   Defendant states that the second sentence of Paragraph 40 contains a legal conclusion to which no response is required.   To the extent the second sentence of Paragraph 40 sets forth factual allegations, those are denied, including because

during the relevant period, Rule 13d-1(a) was impermissibly vague and ambiguous as to whether "days" meant "business days" or "calendar days."   Rule 13d-1's impermissibly vague and ambiguous filing deadline violates Defendant's right to Due Process, because the rule failed to provide Defendant with fair notice.

41.    Defendant denies the allegations of Paragraph 41, and respectfully refers the Court to the Schedule 13G filed on April 4, 2022 for its true and correct contents and denies the allegations in Paragraph 41 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

42.    Defendant denies the allegations of Paragraph 42, and respectfully refers the Court to information concerning historical prices of Twitter stock for its true and correct contents and denies the allegations in Paragraph 42 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

43.    Defendant denies the allegations of Paragraph 43, and respectfully refers the Court to the Schedule 13D filed on April 5, 2022 for its true and correct contents, and denies the allegations in Paragraph 43 to the extent Plaintiff has misreported those contents, mischaracterized them, or taken them out of context.

44.    Defendant states that Paragraph 44 contains legal conclusions to which no response is required.   To the extent Paragraph 44 sets forth factual allegations, those are denied.

45.    Defendant states that Paragraph 45 contains legal conclusions and unfounded speculation to which no response is required.   To the extent Paragraph 45 sets forth factual allegations, those are denied.

46.    Defendant states that Paragraph 46 contains legal conclusions and unfounded speculation to which no response is required.   To the extent Paragraph 46 sets forth factual allegations, those are denied.

## CLAIM FOR RELIEF
### Beneficial Ownership Disclosure Violation
*Violation of Section 13(d) of the Exchange Act and Rule 13d-1 thereunder*

47.    Defendant incorporates his responses to the foregoing allegations as though fully

set forth herein.

48.    Defendant states that Paragraph 48 contains legal conclusions to which no response is required.    To the extent Paragraph 48 sets forth factual allegations, those are denied.

49.    Defendant states that Paragraph 49 contains legal conclusions to which no response is required.    To the extent Paragraph 49 sets forth factual allegations, those are denied.

**PRAYER FOR RELIEF**

**I.**

Unnumbered Paragraph I is a prayer for relief to which no response is required.    To the extent a further response is required, Defendant denies any wrongdoing and, except as expressly admitted in Paragraphs 1-49 above, denies all allegations, and specifically denies that Plaintiff is entitled to any of the relief prayed for against the Defendant.

**II.**

Unnumbered Paragraph II is a prayer for relief to which no response is required.    To the extent a further response is required, Defendant denies any wrongdoing and, except as expressly admitted in Paragraphs 1-49 above, denies all allegations, and specifically denies that Plaintiff is entitled to any of the relief prayed for against the Defendant.    Prayer for Relief II should be stricken for the reasons set forth in Defendant's Memorandum of Points and Authorities in Support of Defendant Elon Musk's Motion to Strike Prayers for Relief II and III and to Dismiss Complaint at 7-12 (ECF No. 16-1) and Defendant's Reply in support thereof at 4-7 (ECF No. 25).

**III.**

Unnumbered Paragraph III is a prayer for relief to which no response is required.    To the extent a further response is required, Defendant denies any wrongdoing and, except as expressly admitted in Paragraphs 1-49 above, denies all allegations, and specifically denies that Plaintiff is entitled to any of the relief prayed for against the Defendant.    Prayer for Relief III should be stricken for the reasons set forth in Defendant's Memorandum of Points and Authorities in Support

of Defendant Elon Musk's Motion to Strike Prayers for Relief II and III and to Dismiss Complaint at 12-25 (ECF No. 16-1) and Defendant's Reply in support thereof 7-12 (ECF No. 25).

## IV.

Unnumbered Paragraph IV is a prayer for relief to which no response is required.   To the extent a further response is required, Defendant denies any wrongdoing and, except as expressly admitted in Paragraphs 1-49 above, denies all allegations, and specifically denies that Plaintiff is entitled to any of the relief prayed for against the Defendant.

## V.

Unnumbered Paragraph V is a prayer for relief to which no response is required.   To the extent a further response is required, Defendant denies any wrongdoing and, except as expressly admitted in Paragraphs 1-49 above, denies all allegations, and specifically denies that Plaintiff is entitled to any of the relief prayed for against the Defendant.

## VI.

Unnumbered Paragraph VI is a prayer for relief to which no response is required.   To the extent a further response is required, Defendant denies any wrongdoing and, except as expressly admitted in Paragraphs 1-49 above, denies all allegations, and specifically denies that Plaintiff is entitled to any of the relief prayed for against the Defendant.

## JURY TRIAL DEMAND

This section is a jury demand to which no response is required.

## AFFIRMATIVE DEFENSES

Defendant offers the following Defenses in response to the allegations set forth in the Complaint.   By asserting these defenses, Defendant does not concede that he bears the burden of proof on any defense.   Nothing stated herein is intended, or shall be construed, as an acknowledgment that any particular issue or subject matter is relevant to the allegations. Defendant further reserves the right to assert additional affirmative defenses or any claims, cross-claims, or counterclaims of which he becomes aware during the course of the litigation, including, without limitation, any Defenses that may arise as a result of any discovery, findings, conclusions, or other action taken.   To the extent that any Defense asserted herein or to be asserted in the future is mutually exclusive with another Defense asserted herein or to be asserted in the future, such Defense is asserted in the alternative to the other.

### FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiff has failed to state a claim on which relief can be granted.   *First*, the First Amendment right against compelled speech prohibits enforcement of Section 13(d) and Rule 13d-1, both facially and as applied in this case.   *Second*, Rule 13d-1's vagueness renders it unenforceable under Fifth Amendment Due Process principles.   *Third*, the SEC has engaged in unconstitutional selective enforcement under Fifth Amendment Due Process principles.   *Fourth*, the SEC's request for disgorgement violates the Eighth Amendment's Excessive Fines Clause. *Fifth*, the SEC's unconstitutional structure under Article II precludes this enforcement action. *Sixth*, Plaintiff has failed to plead that Defendant acted at least negligently or to plead any facts that give rise to a reasonable inference that Defendant acted at least negligently.   Defendant reasonably relied on Mr. Birchall and Morgan Stanley's professional advice regarding the filing requirements.   He "did everything a reasonably prudent person could have or might reasonably

be expected to have done." *United States v. Georgetown Univ.*, 331 F. Supp. 69, 73 (D.D.C. 1971).    Defendant incorporates by reference as if stated fully herein the arguments set forth in his Memorandum of Points and Authorities in Support of Defendant Elon Musk's Motion to Strike Prayers for Relief II and III and to Dismiss Complaint (ECF No. 16-1), his Reply in support thereof (ECF No. 25), and his Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion for Summary Judgment (ECF No. 27-10).

## SECOND DEFENSE
### (Failure to Establish Entitlement to Relief)

Plaintiff has failed to establish entitlement to its prayers for injunctive relief or disgorgement.    The SEC is not entitled to injunctive relief because it has failed to plead that (i) there was a pattern of violations by Mr. Musk, (ii) Mr. Musk acted deliberately, or (iii) Mr. Musk's business will present opportunities for future violations.    The SEC is not entitled to disgorgement because it has failed to plead: (i) that Mr. Musk realized any profits, (ii) that there were any victims who suffered pecuniary harm, (iii) a genuine causal connection between the alleged violation and the purported savings, (iv) any scienter, wrongful state of mind, or conscious wrongdoing on Mr. Musk's part.    Defendant incorporates by reference as if stated fully herein the arguments regarding the SEC's failure to establish its entitlement to its prayers for injunctive relief and disgorgement as set forth in his Memorandum of Points and Authorities in Support of Defendant Elon Musk's Motion to Strike Prayers for Relief II and III and to Dismiss Complaint at 7-22 (ECF No. 16-1) and Defendant's Reply in support thereof at 3-13 (ECF No. 25).

The Supreme Court of the United States has granted the petition for a writ of certiorari in *Sripetch v. SEC*, No. 25-466    (U.S. Jan. 9, 2026).    Petitioner's question presented is: "Whether the SEC may seek equitable disgorgement under 15 U.S.C. 78u(d)(5) and (d)(7) without showing investors suffered pecuniary harm."    Pet., *Sripetch*, No. 25-466 (Oct. 14, 2025).    Respondent's

question presented is "Whether a showing that investors suffered pecuniary harm is a prerequisite to an award of disgorgement in a civil action brought by the Securities and Exchange Commission."   Br. of Fed. Resp., *Sripetch*, No. 25-466 (Dec. 17, 2025).   Oral argument will likely be heard during the Court's April 2026 argument session and decided before the close of the 2025 Term in late June 2026.   A holding by the Supreme Court that the SEC cannot seek disgorgement absent proof of pecuniary harm to investors would preclude the SEC from obtaining disgorgement in this matter.

### THIRD DEFENSE
**(Violative of First Amendment)**

Section 13(d) and Rule 13d-1 violate the First Amendment, both facially and as applied in this case.   They compel content-based disclosures and therefore are subject to strict scrutiny which they cannot satisfy.   Even if strict scrutiny did not apply, they would fail intermediate scrutiny, including under the frameworks of *Zauderer* and *Central Hudson*.   *See Zauderer v. Office of Disciplinary Couns.*, 471 U.S. 626, 651 (1985); *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 566 (1980).   Defendant incorporates by reference as if stated fully herein the arguments set forth in his Memorandum of Points and Authorities in Support of Defendant Elon Musk's Motion to Strike Prayers for Relief II and III and to Dismiss Complaint at 25-35 (ECF No. 16-1), his Reply in support thereof at 13-18 (ECF No. 25), and his Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion for Summary Judgment at 22-24 (ECF No. 27-10).

### FOURTH DEFENSE
**(Violative of Fifth Amendment Due Process—Vagueness)**

Rule 13d-1, 17 CFR § 240.13d-1, at the time of the alleged violation, was unconstitutionally vague under the Due Process Clause of the Fifth Amendment, because it failed

to define "day," making it unclear if business days or calendar days applied in calculating when the required disclosure was due.    Defendant incorporates by reference as if stated fully herein the arguments set forth in his Memorandum of Points and Authorities in Support of Defendant Elon Musk's Motion to Strike Prayers for Relief II and III and to Dismiss Complaint at 35-38 (ECF No. 16-1), his Reply in support thereof at 18-20 (ECF No. 25), and his Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion for Summary Judgment at 24 (ECF No. 27-10).

### FIFTH DEFENSE
### (Violative of Fifth Amendment Due Process—Selective Enforcement)

The SEC has engaged in unconstitutional selective enforcement of Mr. Musk.    The SEC has never sought a nine-figure disgorgement award from any individual for a similar alleged Section 13(d) violation, which the SEC routinely settles for a fraction of the amount sought here. Defendant incorporates by reference as if stated fully herein the arguments set forth in his Memorandum of Points and Authorities in Support of Defendant Elon Musk's Motion to Strike Prayers for Relief II and III and to Dismiss Complaint at 38-42 (ECF No. 16-1), his Reply in support thereof at 20-22 (ECF No. 25), and his Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion for Summary Judgment at 24-25 (ECF No. 27-10).

### SIXTH DEFENSE
### (Violative of Eighth Amendment)

The disgorgement sought by the SEC is punitive and so grossly disproportional to the alleged conduct that it violates the Eighth Amendment prohibition against excessive fines. Defendant incorporates by reference as if stated fully herein the arguments set forth in his Memorandum of Points and Authorities in Support of Defendant Elon Musk's Motion to Strike

Prayers for Relief II and III and to Dismiss Complaint at 22-25 (ECF No. 16-1) and his Reply in support thereof at 12-13 (ECF No. 25).

## SEVENTH DEFENSE
### (Violative of Article II)

The SEC's structure violates Article II because its Commissioners are protected by unconstitutional removal restrictions.   That defect renders the Commission's exercise of executive enforcement authority—including its authorization and continuation of this suit—constitutionally invalid.   Defendant incorporates by reference as if stated fully herein the arguments set forth in his Memorandum of Points and Authorities in Support of Defendant Elon Musk's Motion to Strike Prayers for Relief II and III and to Dismiss Complaint at 42-45 (ECF No. 16-1), his Reply in support thereof at 22-24 (ECF No. 25), and his Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion for Summary Judgment at 25-26 (ECF No. 27-10).

## EIGHTH DEFENSE
### (Reliance on Advice of Professionals)

Mr. Musk relied on the advice of professionals to determine whether and when a disclosure may be due under Section 13(d).   The SEC is required to prove at least negligence to establish a violation of Section 13(d), and Mr. Musk's reliance on professional advice is a full defense to negligence.   Mr. Musk incorporates by reference as if stated fully herein the arguments regarding the requirement to prove at least negligence and the reliance-on-professional-advice defense as seen in his Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion for Summary Judgment at 11-20 (ECF No. 27-10).

## NINTH DEFENSE
### (Good Faith)

Mr. Musk acted diligently, reasonably, and in good faith in determining whether and when

a disclosure may be due under Section 13(d), which is a defense to negligence.    The SEC cannot establish that Mr. Musk acted negligently, which, at minimum, is required for a violation of Section 13(d).    Defendant incorporates by reference as if stated fully herein the arguments regarding the requirement to prove at least negligence as set forth in his Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion for Summary Judgment at 11-20 (ECF No. 27-10).

## TENTH DEFENSE
### (Reliance on Third Party—Affirmative Defense to Strict Liability)

Mr. Musk reasonably relied on third parties who caused the alleged violation, which is a defense to liability under Section 13(d), even if Section 13(d) is a strict liability statute, which it is not.    Defendant delegated the Revocable Trust's acquisition of Twitter securities and disclosure thereof to Mr. Birchall, who in turn both directed the broker at Morgan Stanley to acquire the securities on behalf of the Revocable Trust and consulted with the broker regarding when a disclosure might be due.    At all relevant times, Mr. Birchall and the broker controlled the timing of any disclosures regarding the Revocable Trust's acquisition of shares of Twitter stock. Defendant incorporates by reference as if stated fully herein the arguments regarding affirmative defenses to strict liability set forth in his Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion for Summary Judgment at 20-22 (ECF No. 27-10).

## ELEVENTH DEFENSE
### (Good Faith – Affirmative Defense to Strict Liability)

Mr. Musk acted diligently, reasonably, and in good faith in determining whether and when a disclosure might be due under Section 13(d), which is a defense to liability under Section 13(d), even if Section 13(d) is a strict liability statute, which it is not.    Defendant incorporates by reference as if stated fully herein the arguments regarding affirmative defenses to strict liability set

forth in his Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion for Summary Judgment at 20-22 (ECF No. 27-10).

## TWELFTH DEFENSE
### (Nunc Pro Tunc)

The Court should exercise its equitable powers to grant Mr. Musk *nunc pro tunc* relief.

## THIRTEENTH DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff has engaged in inequitable conduct affecting this action, and therefore is not entitled to the equitable relief it seeks.

## FOURTEENTH DEFENSE
### (Failure to Join Indispensable Party)

Plaintiff has failed to join the Elon Musk Revocable Trust dated July 22, 2003 (the "Revocable Trust") as an indispensable party pursuant to Federal Rule of Civil Procedure 19(a). All of the shares at issue in this action were purchased by the broker on behalf of the Revocable Trust, using the Revocable Trust's funds, and were at all times held by the Revocable Trust. *See* Schedule 13G (April 4, 2022); Schedule 13D (April 5, 2022).

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that the Court enter judgment for him:

1.      Adjudging and decreeing that the Complaint is dismissed with prejudice;

2.      Granting Defendant all equitable or other available relief against Plaintiff as a consequence of defending this action, including attorneys' fees and costs as permitted by law; and

3.      Awarding Defendant any such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a jury trial on all issues so triable.

Dated:   February 17, 2026

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

_____

Sarah Heaton Concannon (D.C. Bar No. 1780045)
Rachel Frank Quinton (D.C. Bar No. 1659649)
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8000
sarahconcannon@quinnemanuel.com
rachelquinton@quinnemanuel.com

Alex Spiro (*pro hac vice*)
295 5th Ave, 9th Floor
New York, NY 10016
(212) 849-7000
alexspiro@quinnemanuel.com

*Attorneys for Elon Musk*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of February 2026, I filed the foregoing document electronically with the Clerk of Court using the ECF system.

_____
Sarah Heaton Concannon