**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SECURITIES AND EXCHANGE
COMMISSION,

                                    Plaintiff,

v.                                                      Case No. 25-cv-000105-SLS

ELON MUSK,

                                    Defendant.

**JOINT INITIAL SCHEDULING CONFERENCE REPORT**

Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") and

Defendant Elon Musk ("Defendant" or "Mr. Musk") (together, the "Parties")

respectfully file this joint report pursuant to the Court's March 4, 2026 Minute Order,

as modified by the Court's March 18, 2026 Minute Order.

## I.    BRIEF STATEMENT OF THE CASE

On January 14, 2025, the SEC filed the instant enforcement action against Mr.

Musk alleging a single count under Section 13(d)(1) of the Securities Exchange Act of

1934 and Rule 13d-1 thereunder stemming from Mr. Musk's alleged failure to timely

file with the SEC a beneficial ownership report disclosing his acquisition of more than

five percent of the outstanding shares of Twitter, Inc.'s common stock.  Compl. [Dkt.

No. 1].  The prayer for relief includes a permanent injunction, disgorgement, and civil

penalties against Mr. Musk.  *Id.* at 9–10.  Mr. Musk denies the SEC's allegations and

asserts defenses.  *See generally* Answer [Dkt. No. 36].

II.   **RESPONSES TO THE TOPICS LISTED IN LOCAL CIVIL RULE 16.3(c)**

1.  **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Response:  On August 28, 2025, Mr. Musk moved to strike the SEC's prayers for injunctive relief and disgorgement and to dismiss this action.  Dkt. No. 16.  On August 29, 2025, the SEC moved for summary judgment on liability.  Dkt. No. 18.  On February 2, 2026, the Court denied Mr. Musk's motion to strike and dismiss.  Dkt. No. 32.  On March 4, 2026, the Court denied the SEC's motion for summary judgment on liability without prejudice.  Mar. 4, 2026 Minute Entry.

The Parties agree that, following fact and expert discovery, further briefing as to summary judgment may be appropriate.  The Parties respectfully refer the Court to the proposed schedule, below, for each Party's proposed dates for this briefing.  *See* Section III, *infra.*

Mr. Musk's Further Position:  Following further briefing as to summary judgment, if any, and contingent on the disposition of any such motions, this action may require a jury trial on liability and will require further proceedings on remedies, including briefing, evidentiary proceedings, oral argument, and a trial on remedies issues so triable.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Response:  Mr. Musk maintains that the Elon Musk Revocable Trust dated July 22, 2003 (the "Revocable Trust") is an indispensable party and should be joined. Answer, Fourteenth Affirmative Defense [Dkt. No. 36].  The SEC disagrees.  To the extent any party seeks joinder of any other party, the proposed schedule, set forth *infra* § III, provides a deadline of April 21, 2026.

The Parties do not agree that some or all of the factual or legal issues can be agreed upon or narrowed.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Response:  The SEC does not request assignment to a magistrate judge for all purposes, including trial.  Mr. Musk consents to assignment to a magistrate judge for non-dispositive pretrial matters but not for dispositive motions or trial.

4. **Whether there is a realistic possibility of settling the case.**

Response:  *See* Motion for Extension of Time To File a Joint Status Report, Dkt. 40.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Response:  Counsel have discussed ADR and their response to this provision with their clients.  The Parties do not believe that this case would benefit at this time from the Court's ADR procedures or any other form of ADR.

6. **Whether the cases can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Response:  The Parties agree that, following fact and expert discovery, summary judgment briefing may be appropriate.  The Parties respectfully refer the Court to the proposed schedule for each Party's proposed dates.  *See* Section III, *infra.*

Mr. Musk's Further Position:   Following further briefing as to summary judgment, if any, and contingent on the disposition of any such motions, this action may require a jury trial on liability and will require further proceedings on remedies, including briefing, evidentiary proceedings, oral argument, and a trial on remedies issues so triable.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Response:  The Parties agree to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  The Parties respectfully refer the Court to the

proposed schedule for the proposed deadline for these disclosures.  *See* Section III, *infra.*

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Response:  The Parties will adhere to the limits on discovery set forth in the applicable Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the District of Columbia.  Concurrently herewith, the Parties have submitted a Joint Proposed Protective Order.  The Parties respectfully refer the Court to the proposed schedule, below, which includes each Party's proposed date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.  *See* Section III, *infra.*  The Parties disagree on certain aspects of discovery as set forth in their respective positions below.

SEC's Position:  As the SEC has stated from the outset, this is a straightforward case involving a single claim under a strict liability statute.  For that reason, the Parties should be able to complete fact discovery within around 6 months.  Most relevant facts are not in serious dispute, including Defendant's beneficial ownership of shares of Twitter stock, the dates he acquired those shares, and the date he first disclosed that position.  The SEC anticipates that discovery into Defendant's state of

mind, which may be relevant to remedies (but not liability), will also be streamlined given the small number of people who appear to have had knowledge of Defendant's purchases.

No party has served initial disclosures. As noted in the proposed schedule below, the Parties agree that initial disclosures required by Rule 26 of the Federal Rules of Civil Procedure shall be due within 14 days of the Court's entry of a Scheduling Order. *See* Section III, *infra.*

Discovery in this case has not yet begun. As noted in the proposed schedule below, Parties agree that discovery shall begin April 21, 2026. *See* Section III, *infra.* Although discovery has not yet begun, the SEC already provided Defendant information about the SEC's investigative file and offered to produce the investigative record. Mr. Musk, however, has not yet identified what portions of the investigative record he thinks may be relevant. But in any event, the SEC plans to produce relevant documents and transcripts from the investigative record after the protective order is in place.

The crux of the disagreement between the Parties involves potential discovery into Defendant's affirmative defenses. The SEC anticipates filing a motion to strike Defendant's insufficient defenses, which will explain why many defenses are not available in light of the Court's motion-to-dismiss order and why other defenses are not available because Mr. Musk has not made a sufficient threshold showing to be entitled to discovery. Should the Court permit Mr. Musk to advance those insufficient

defenses or to seek discovery into those issues, the fact discovery deadline may need to be extended.

Mr. Musk's Position:  In light of the SEC's voluminous investigative file and numerous complex legal issues, Mr. Musk respectfully submits that this Court should enter a scheduling order that provides 12 months from the date of the submission of this Joint Initial Scheduling Conference Report for the completion of fact discovery.

More than a year after filing its Complaint, the SEC still has not provided Mr. Musk with initial disclosures pursuant to Rule 26 or the SEC's voluminous investigative file.  Following this Court's decision denying the SEC's summary judgment motion on liability on March 4, 2026, the SEC informed Mr. Musk for the first time that its investigative file includes transcripts of testimony provided by approximately forty individuals and documents produced by over forty  individuals and entities.  This file still has not been produced to Mr. Musk.  Mr. Musk expects that the evidence contained in this vast investigative file will be directly relevant to the claims and defenses at issue in this action, including but not limited to Mr. Musk's good faith and reliance on third parties, a question that Mr. Musk maintains is relevant to both liability and the remedies the SEC seeks.  The process of reviewing the SEC's voluminous investigative file alone—the product of a nearly three-year investigation—will take considerable time and will directly inform what discovery Mr. Musk will pursue in this action from both the SEC and third-parties.

Mr. Musk anticipates seeking document discovery and depositions from the SEC and third parties.  Below is a non-exhaustive, illustrative list of legal issues on which Mr. Musk is entitled to discovery:

- **State of Mind:**  Mr. Musk's state of mind is relevant to liability, affirmative defenses, and remedies. Mr. Musk delegated all trading and disclosure decisions to Jared Birchall, who in turn consulted extensively with a senior Morgan Stanley broker.  Mr. Musk is entitled to discovery regarding the full record of those consultations, the SEC's investigative file concerning Mr. Birchall's and the Broker's research and conclusions, communications between the SEC and Morgan Stanley during the investigation, and any exculpatory material in the SEC's possession bearing on Mr. Musk's good faith reliance.  Mr. Musk also is entitled to depositions of the Broker and Morgan Stanley's General Counsel, whose April 1, 2022 communications led Mr. Birchall to promptly cause the filing of the Schedule 13G filing on April 4, 2022.

- **First Amendment:**  Mr. Musk is entitled to discovery regarding the governmental interests served by Section 13(d) and Rule 13d-1, including the empirical basis for the 5% threshold, whether less restrictive alternatives were considered in the rulemaking record, and how the SEC itself characterizes the nature of the disclosures it compels.  Both the facial and as-applied challenges require a factual record, including data on Schedule 13D filers and evidence bearing on whether the market

8

independently possessed information about Mr. Musk's Twitter accumulation during the alleged violation window. Courts consistently have held that summary judgment on First Amendment grounds without a developed factual record is an abuse of discretion, *see, e.g.*, *Shaw v. Foreman*, 59 F.4th 121, 129 (4th Cir. 2023); *Moore v. Shelby Cnty.*, 718 F. App'x 315, 320 (6th Cir. 2017), and that the government must demonstrate—not merely assert—that the harms its regulation addresses are real and that the regulation directly and materially alleviates them, *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 664-68 (1994); *Edenfield v. Fane*, 507 U.S. 761, 770-71 (1993).

- **Vagueness:** Mr. Musk is entitled to discovery regarding all SEC guidance, no-action letters, and enforcement communications issued prior to April 2022 bearing on the question whether "days" in the statute during the relevant period means "calendar days" or "business days"; the full 2023 rulemaking record for the amendment explicitly substituting "five business days"; SEC enforcement history showing how the agency calculated the deadline in prior cases; and the Broker's and Mr. Birchall's contemporaneous understanding of the deadline. As with First Amendment claims generally, *see supra*, the Court cannot resolve the defense without a factual record establishing how the rule was understood and applied in practice.

9

- **Selective Enforcement:** Mr. Musk is entitled to discovery regarding the SEC's decision to prosecute Mr. Musk and the SEC's treatment of similarly situated individuals.  The Court has held that Mr. Musk may assert a selective enforcement defense "as this case progresses."  *See* Memorandum Opinion at 27 [Dkt. No. 32].  Mr. Musk is entitled to discovery regarding the SEC's complete Section 13(d) enforcement history, including penalties and disgorgement sought and obtained in comparable cases; the SEC's internal charging decision documents and any communications referencing Mr. Musk's public criticism of the agency; and the circumstances surrounding the January 14, 2025 filing date, days before the change in Administration.

- **Article II:**    Mr. Musk is entitled to discovery regarding the Commissioners' removal protections.  The Court refrained from deciding the issue of the Commissioners' unconstitutional removal protections and instead focused on the proper remedy for that constitutional violation, leaving the issue of removability open for discovery.  *See* Memorandum Opinion at 28, 36 [Dkt. No. 32].  Mr. Musk is entitled to discovery regarding memoranda and internal analyses of Commissioners' removal status under 15 U.S.C. § 78d(a); the Commission-level authorization record for this enforcement action; any DOJ or OLC communications regarding the SEC's independence and removal structure; and any other relevant government communications. *See Collins v. Yellen*, 594 U.S. 220,

260 (2021) (remanding for determination of whether "the unconstitutional removal restriction caused any [] harm").

- **Eighth Amendment:**  The Court refrained from deciding the Eighth Amendment issue at the Motion to Dismiss stage, leaving this issue open for fact development through discovery.  *See* Memorandum Opinion at 45 n.20 [Dkt. No. 32].   Mr. Musk is entitled to discovery regarding the SEC's complete methodology for its $150 million disgorgement calculation; comparable Section 13(d) enforcement actions and the penalties obtained; and the actual harm, if any, suffered by investors who sold during the alleged violation window.

- **Remedies:**  Unless the SEC amends its Complaint, Mr. Musk is entitled to discovery regarding each of the three remedies the SEC seeks in its pleading.  As to the permanent injunction, discovery into Mr. Musk's state of mind is directly relevant to likelihood of future violations, as the Court confirmed at the March 4, 2026 hearing.  As to disgorgement, Mr. Musk is entitled to the SEC's complete damages methodology and all expert analyses of price impact.  As to the civil penalty, Mr. Musk is entitled to the SEC's enforcement history and internal analysis of tier selection, which bears directly on proportionality.

Given the myriad legal issues listed above, Mr. Musk's request for 12 months for fact discovery is both appropriate and necessary.

11

The SEC has indicated it intends to move to strike Mr. Musk's affirmative defenses, apparently with the goal of using that motion to foreclose discovery. That strategy would fail procedurally. Mr. Musk's state-of-mind and constitutional arguments are not only pleaded as standalone affirmative defenses but also are independently incorporated within the First Defense (failure to state a claim). Rule 12(h)(2) expressly preserves failure-to-state-a-claim defenses through trial. *See* Fed. R. Civ. P. 12(h)(2). Whatever the outcome of the SEC's motion to strike the standalone defenses, the state-of-mind constitutional arguments survive independently within the First Defense and can only be resolved on the merits— which requires the factual record that discovery will provide. The state-of-mind defenses are also relevant to the remedies stage and thus must be subject to discovery regardless of the SEC's intended motion to strike.

Furthermore, the SEC's anticipated motion to strike will itself require briefing and resolution, further supporting Mr. Musk's request for a 12-month discovery period. Although the Parties will attempt to resolve disputes without intervention of the Court, Mr. Musk maintains that the discovery schedule must allow sufficient time for the briefing and resolution of these issues without the need for further adjustment of the schedule.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Response:  The Parties will comply with their obligations under the Federal Rules of Civil Procedure and applicable Local Rules.

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Response:  The Parties' Joint Proposed Protective Order includes, at Paragraph 10, a proposed order under Federal Rule of Evidence 502.  The Parties agree that each party will produce a privilege log listing any otherwise responsive materials withheld on any ground of privilege or as work product protected information, along with certain information concerning those materials including but not limited to: (i) date and time of creation; (ii) type of document or communication; (iii) author or sender (and whether the person is an attorney); (iv) recipients (including cc or bcc and whether the recipient is an attorney); (v) the general subject matter without disclosing the privileged content itself (e.g., the subject line of an email); and (vi) the privilege or protection asserted.  The Parties agree that documents created after the filing of this action on January 14, 2025, and withheld on the basis of privilege or

protection need not be included in any privilege log on a document-by-document basis but may be described generally by topic.

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Response:  The Parties do not believe that the requirement for exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2) should be modified.  The Parties agree that experts should be deposed during the period set forth in the Parties' respective proposed schedules for expert discovery. *See* Section III, *infra.*  The Parties agree that each expert shall be deposed only once, even if s/he submits both initial and rebuttal reports, although nothing herein prevents the Parties from conferring and agreeing to additional time to depose experts and nothing herein prevents a party from seeking leave from the Court for additional time to depose experts.

12. **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Response:  Not applicable.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

SEC's Position:  Neither trial nor discovery should be bifurcated or managed in phases.

Mr. Musk's Position:  Mr. Musk seeks a jury trial on liability.  In the event the jury returns a verdict against Mr. Musk by a preponderance of the evidence, then this action will require further contested proceedings on remedies, including briefing, evidentiary hearings, oral argument, and a trial on all issues so triable.

14. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Response:  The Parties propose that they file a joint status report, which will include a proposed date for the pretrial conference, 14 days after the Court's decision on summary judgment.  *See* Section III, *infra.*

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Response:  The Parties request that the Court set a trial date at the pretrial conference.

## III.    PROPOSED SCHEDULES

| Event / Deadline | Plaintiff Proposal | Defendant Proposal |
|---|---|---|
| **Preliminary Pleadings** | | |
| Deadline to Seek Joinder | Apr. 21, 2026 | AGREED |
| SEC's Motion to Strike Affirmative Defenses | Apr. 21, 2026 | AGREED |
| Defendant's Opposition to Motion to Strike | May 21, 2026 | AGREED |
| SEC's Reply in support of Motion to Strike | June 4, 2026 | AGREED |
| **Fact Discovery** | | |
| Fact Discovery Opens | Apr. 21, 2026 | AGREED |
| Initial Disclosures (FRCP 26(a)(1)) | 14 days from entry of Scheduling Order | AGREED |
| Last Day to Serve Third-Party Subpoenas | Aug. 19, 2026 | Feb. 17, 2027 |
| Fact Discovery Closes | Oct. 14, 2026 | Apr. 1, 2027 |
| **Expert Discovery** | | |
| Plaintiff's Expert Disclosures | Oct. 28, 2026 | Apr. 14, 2027 |
| Defendant's Expert Disclosures | Oct. 28, 2026 (concurrent) | May 5, 2027 |
| Parties' Rebuttal Expert Disclosures | Nov. 18, 2026 | June 2, 2027 |
| Expert Discovery Closes | Dec. 18, 2026 | June 30, 2027 |
| **Summary Judgment** | | |
| Summary Judgment Motion[s] | Jan. 15, 2027 | July 27, 2027 |
| Summary Judgment Opposition[s] | Feb. 12, 2027 | Aug. 26, 2027 |
| Summary Judgment Reply/ies | Feb. 26, 2027 | Sept. 16, 2027 |
| **Other Submissions** | | |
| Joint Status Report | Within 14 days of Court's decision on Summary Judgment | AGREED |

Dated: April 1, 2026                                     Respectfully submitted,


/s/      *Zachary A. Avallone*                           */s/ Sarah Heaton Concannon*
Melissa J. Armstrong                                     Sarah Heaton Concannon (D.C. Bar No.
           (Texas Bar No. 24050234)                      1780045)
Zachary A. Avallone (D.C. Bar No. 1023361)               Rachel Frank Quinton (D.C. Bar No.
Securities and Exchange Commission                       1659649)
100 F Street NE, Room 1520                               Quinn Emanuel Urquhart & Sullivan, LLP
Washington, DC 20549                                     555 13th Street NW, Suite 600
(202) 551-4724 (Armstrong)                               Washington, DC 20004
(202) 551-4479 (Avallone)                                (202) 538-8000
armstrongme@sec.gov                                      sarahconcannon@quinnemanuel.com
avallonez@sec.gov                                        rachelquinton@quinnemanuel.com

                                                         Alex Spiro (*pro hac vice*)
                                                         Quinn Emanuel Urquhart & Sullivan, LLP
                                                         295 5th Avenue, 9th Floor
                                                         New York, NY 10016
                                                         (212) 849-7000
                                                         alexspiro@quinnemanuel.com

17