**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 25-cv-000105-SLS |
| ELON MUSK, | |
| Defendant. | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Plaintiff Securities and Exchange Commission ("SEC") and Defendant Elon Musk ("Mr. Musk") having jointly moved for entry of this protective order regarding confidential information, the Court hereby grants that joint motion and ORDERS as follows:

1.    This Protective Order shall apply to all documents, materials, and/or information produced in the course of discovery by the parties or any third parties, including electronic discovery, answers to interrogatories, responses to requests for admission or production, all documents or information produced in response to Fed. R. Civ. P. 45 subpoenas, and all deposition testimony and deposition exhibits.

2.    Unless otherwise provided in this Order, a party receiving discovery or information as part of this litigation may only access or use such materials (whether designated as Confidential or otherwise) in connection with the prosecution of, defense of, appeal of, or the attempted settlement of the claims asserted in this case.

Except as provided in this Order or required by law, produced material may not be used for any other purpose, including, without limitation, any other litigation or business or commercial purpose.

3.     The parties, or any third party producing materials in response to a request related to this civil action may, in good faith, designate documents or information as CONFIDENTIAL ("Confidential Information"). Confidential Information includes that which counsel for the designating party or third party determines, in good faith, may be protected by statute, regulation, or other authority, including confidential bank or brokerage account information, an individual's social-security number, taxpayer-identification number, birth date, the name of an individual known to be a minor, trade secrets, confidential governmental information, proprietary or non-public research and development records, or other information protected by the Privacy Act.

4.     The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." Alternatively, a party may designate material "CONFIDENTIAL" by submitting a letter to all parties specifying the information to be so designated. One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

5.      Confidential Information produced or obtained through Rule 26(a) initial disclosures and discovery in this litigation shall be maintained as confidential, shall be used solely for the purposes of litigating this case, and shall not be disclosed without the consent of the producing party or the individual whose personal information is at issue or pursuant to further court order, except that Confidential Information may be disclosed without consent or order to the following:

   a.      the parties to this action, their counsel, counsel's support personnel, and, in the case of the SEC, other SEC employees involved in the prosecution, appeal, settlement, or supervision of this action;

   b.      consultants, expert witnesses, and vendors retained for this litigation, provided such persons complete the certification attached to this Order;

   c.      persons who prepared or compiled the Confidential Information or received the Confidential Information before the date of this Protective Order;

   d.      witnesses (and their counsel) noticed for deposition or designated as a trial witnesses, or who are expected to be so noticed or designated, to the extent reasonably necessary to prepare for or conduct their testimony or to review the transcript of their depositions;

   e.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

3

f.     judges, magistrate judges, mediators, court reporters, and other court-related personnel involved with this matter, subject to Fed. R. Civ. P. 5.2 and Local Civ. R. 5.4(f) and any other applicable limitation on disclosure of confidential information in judicial proceedings;

g.     federal, state, and local law enforcement agencies to the extent consistent with Paragraph 15, *infra*; and

h.     any other person to whom the Parties have agreed in writing that disclosure may be made or to whom disclosure has been authorized by order of the Court.

6.     Unless otherwise authorized by this Order, no party or third party to this litigation covered by this Order may produce or disclose any Confidential Information from the litigation without written consent from both the SEC and Mr. Musk.

7.     Nothing in this Protective Order is intended to (a) prevent a party that produced Confidential Information from making use of that Confidential Information in its own business operations or disclosing that information to the extent required by law, (b) prevent a party that has produced or received Confidential Information from using or referring to such information in response to discovery in this litigation; or (c) restrict the use or disclosure of information produced or received other than from discovery in this litigation.

8.     Nothing in this Protective Order operates as a waiver of any claim or defense in this Action or to create an admission by any party that Confidential Information

disclosed in this case is or is not (a) confidential, (b) privileged, (c) discoverable, (d) relevant, or (e) admissible in evidence at trial. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility of any facts or documents revealed in the course of disclosure.

9.      If a party receiving documents or information designated as Confidential objects to such designation of any or all of such items, the following procedure shall apply:

    a.  The objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. There is no deadline for making an objection to a confidentiality designation.

    b.  The designating party or third party (or its counsel) shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the

propriety of the designation, counsel and or parties shall then confer in good faith in an effort to resolve the dispute.

c. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

d. If a party that has obtained Confidential Information (or an employee, attorney, expert, or other representative of such a party) receives a subpoena or other disclosure request from a non-party seeking any such Confidential Information, the party receiving the disclosure request shall within seven days provide notice of the disclosure request to the party that produced the Confidential Information.

10. Any party seeking to file Confidential Information under seal is required to file a motion seeking leave of the Court to file Confidential Information under seal. The Court will not allow documents to be filed under seal by notice. Before moving to file under seal materials subject to this Protective Order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to seal, as well as include argument supporting the moving party's position that sealing is appropriate beyond the fact that the information was subject

6

to a confidential designation in discovery. Depending on the nature of the document at issue, the Court may require the moving party to file a redacted version of the document on the public docket. Pursuant to Fed. R. Civ. P. 5.2 and Local Civ. R. 5.4(f), the following personal identifiers (social security numbers, names of minor children, dates of birth, and financial account numbers) shall be excluded, or redacted where inclusion is necessary, from all electronically filed documents without requiring the party excluding or redacting such personal identifiers to file a motion to seal. Confidential Information may be filed with the Court only (a) provisionally under seal; (b) after a determination by the Court that the information at issue need not be sealed, (c) pursuant to court order, (d) by agreement of the party that produced the information, or (e) by consent of the individual whose personal information is at issue. This paragraph does not apply to filings from which the Confidential Information has been redacted or obscured.

11.     Pursuant to Rule 502(d) of the Federal Rules of Evidence, the parties stipulate and this Court orders that inadvertent disclosure of privileged information during these proceedings shall not be considered waiver. If a person that produced any document to a party to this litigation discovers that privileged information has inadvertently been disclosed, it must make a written claim of privilege over that document. Upon receiving such a request, all parties shall promptly return, sequester, or destroy the specified documents and any copies they have; will not use or disclose the documents until the claim is resolved; and will otherwise follow the procedures described by Fed. R. Civ. P. 26(b)(5)(B).

12.    In the event additional parties are joined in this litigation, they shall not be provided access to Confidential Information until they have each executed and filed the certificate attached to this Order, which binds them to its terms.

13.    Unless otherwise ordered, this Protective Order shall remain in force after dismissal or entry of final judgment.

14.    Additional protective orders may be requested with regard to other types of potentially confidential information or to supersede this Protective Order.

15.    Notwithstanding any other provision of this Order, the SEC shall not be limited in its ability to share, disclose, or produce Confidential Information for any legitimate purpose with any other federal or state authority, agency, or department, or to the extent otherwise required by law, including but not limited to its published Routine Uses of Information in Forms 1661 and 1662, the Freedom of Information Act, and any other statutes or rules applicable to the SEC.

16.    If the parties, or any third party producing materials in response to a request related to this civil action, disclose a document or information that would otherwise be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, this Stipulated Protective Order is an order of the Court which allows for such disclosure.


SO ORDERED.

Date: _____                              _____

                                             SPARKLE L. SOOKNANAN
                                             United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

v.                                                    Case No. 25-cv-000105-SLS

ELON MUSK,

                    Defendant.

## ACKNOWLEDGMENT AND AGREEMENT OF PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Protective

Order dated _____ in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by those terms. The

undersigned submits to the jurisdiction of the United States District Court for the

District of Columbia in all matters relating to the Protective Order and understands

that the terms of the Protective Order obligate him/her to use Confidential

Information in accordance therewith solely for the purposes of the above-captioned

action, and not to disclose any such Confidential Information or information derived

directly therefrom to any other person, firm, or concern except as may be directed by

the party (or counsel for the party) by whom the undersigned, or the undersigned's

employer, has been retained for purposes of this litigation.

The undersigned hereby acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name/Job Title: _____

Employer: _____

Business Address: _____

_____

Date:_____ _____

Signature