**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| *Plaintiff*, | Civil Action No. 26‑105 (SLS) |
| v. | Judge Sparkle L. Sooknanan |
| ELON MUSK, | |
| *Defendant*. | |

## SCHEDULING ORDER

Pursuant to the Parties' Meet and Confer Statement, ECF No. 41, the Court orders the following with regard to further proceedings in this matter:

## I.  DISCOVERY AND CASE DEADLINES

Discovery in this case shall proceed according to the following schedule:

| | |
|---|---|
| Start of Fact Discovery | April 21, 2026 |
| Rule 26 Initial Disclosures | April 16, 2026 |
| Joinder of Additional Parties and Amendment of Pleadings | April 21, 2026 |
| Close of Fact Discovery | October 14, 2026 |
| Affirmative Expert Reports | October 28, 2026 |
| Rebuttal Expert Reports | November 18, 2026 |
| Close of Expert Discovery | December 18, 2026 |
| Summary Judgment Motions | January 15, 2027 |
| Summary Judgment Oppositions | February 12, 2027 |
| Summary Judgment Replies | February 26, 2027 |

The Court will set further deadlines after it rules on any motions for summary judgment filed by the Parties. The Parties may not extend deadlines by stipulation. They must seek extensions by motion.

## II.    LIMITS ON DISCOVERY

The Parties shall not exceed the numerical limitations on the various methods of discovery as set forth in the Federal Rules of Civil Procedure, unless granted leave by the Court.

## III.    PROTECTIVE ORDERS AND FILING UNDER SEAL

The Parties may not rely solely on confidential designations under a protective order to file documents under seal. Accordingly, all protective orders submitted to the Court for entry must specify that a party is required to file a motion seeking leave of the Court to file confidential materials under seal. The Court will not allow documents to be filed under seal by notice. Before moving to file under seal materials subject to a protective order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to seal, as well as include argument supporting the moving party's position that sealing is appropriate beyond the fact that the information was subject to a confidential designation in discovery. Depending on the nature of the document at issue, the Court may require the moving party to file a redacted version of the document on the public docket.

## IV.    DISCOVERY DISPUTES

No discovery disputes may be filed without leave of the Court. The Court expects the Parties to follow the requirements of Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2. In the event that a discovery dispute arises, the Parties shall make a good-faith effort to resolve or narrow the areas of disagreement. If, after conferring in good faith, the Parties are unable to resolve a discovery dispute, they should file a joint notice on the docket captioned "Joint Notice of Discovery Dispute." The joint notice should provide a short description of the issue in dispute and

each party's respective position, as well as provide at least three dates and times that the Parties are jointly available for an on-the-record videoconference or teleconference. The joint notice should be no more than five pages in length. If the dispute arises from specific requests for discovery, the Parties should file the relevant discovery requests as attachments to their joint notice. The Parties should not call or email chambers regarding any discovery disputes.

Disputes regarding discovery must be raised by the discovery deadline. Disputes raised after the deadline will be considered untimely.

## V.    MEDIATION AND SETTLEMENT

The Parties are expected to continue to evaluate their respective cases for purposes of settlement. The Court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation. Consistent with the Parties' representations in their Meet and Confer Statement, the Court will not refer this matter to a magistrate judge for mediation or a settlement conference at this time. If the Parties later agree that such a referral would facilitate settlement, the Parties should file a joint notice on the docket.

## VI.    COMMUNICATIONS WITH CHAMBERS

The Parties are to communicate with the Court by motion, opposition, reply, or notice, but not by letter or phone call. Inquiries concerning the status or scheduling of pending matters shall be directed to the Courtroom Deputy Clerk, Ms. Lauren Jenkins (Lauren_Jenkins@dcd.uscourts.gov), rather than to chambers. If Ms. Jenkins is unavailable, such inquiries shall be directed to the staff person in the Clerk's Office who has been designated as her substitute. Chambers personnel will not handle questions relating to the status or scheduling of pending matters, nor will chambers staff provide legal advice of any kind. In an emergency, however, chambers can be contacted at (202) 354-3220.

3

The Court will grant continuances, extensions, or enlargements of time only upon the filing of a motion. Motions for continuance of a court date must be filed at least three days before the hearing and must include at least two alternative dates that have been agreed to by the Parties. Requests that do not include alternative dates acceptable to all parties will be denied.

**SO ORDERED.**

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   April 2, 2026