## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

<table>
<tr><td></td><td>Plaintiff,</td><td>Case No. 25-cv-00105-SLS</td></tr>
<tr><td>v.</td><td></td><td></td></tr>
<tr><td>ELON MUSK</td><td></td><td></td></tr>
<tr><td></td><td>Defendant.</td><td></td></tr>
</table>

## DEFENDANT ELON MUSK'S MEMORANDUM OF POINTS AND
## AUTHORITIES IN SUPPORT OF HIS MOTION FOR JOINDER

## PRELIMINARY STATEMENT

In January 2025, on the eve of the change in the presidential administration, the SEC filed a Complaint against Elon Musk for allegedly filing a disclosure under Section 13(d) of the Securities Exchange Act of 1934 eleven days late.  Compl., ECF No. 1.  The SEC's Complaint does not name a required party—the Elon Musk Revocable Trust dated July 22, 2003 (the "Revocable Trust").  This is a notable and erroneous omission, given that the Revocable Trust, and the Revocable Trust alone, is the entity that funded, purchased, and held the Twitter shares giving rise to the alleged disclosure obligation and the *only* entity over which Jared Birchall, the head of Mr. Musk's family office, exercised trading authority.  Now is the time for this Court to correct the SEC's error by granting Defendant's motion to join the Revocable Trust pursuant to Federal Rule of Civil Procedure 19(a).

This Court should join the Revocable Trust as a party now to ensure complete relief (if any), provide the Revocable Trust with its day in court lest its rights and obligations be determined in its absence, and protect against the substantial risk of inconsistent obligations in separate proceedings.  Joinder is plainly feasible here—the Revocable Trust is a domestic entity, service is possible, and no jurisdictional bar exists.  This Court therefore should enter an order joining the Revocable Trust under Federal Rule of Civil Procedure 19(a).

## BACKGROUND

The Revocable Trust is a domestic revocable trust with Mr. Musk as its sole trustee.[1]  Every share of Twitter common stock at issue in the Complaint was purchased through the Revocable

---

[1]    *See* Item 4, Schedule 13G, Elon Musk (Twitter, Inc.), Apr. 4, 2022, https://www.sec.gov/Archives/edgar/data/1418091/000110465922041911/tm2211482d1_sc13g. htm ("Schedule 13G").

Trust's accounts at Morgan Stanley, using the Revocable Trust's funds.  Mr. Birchall's power of attorney, through which he directed the Twitter trades at issue, was solely over the Revocable Trust.  Answer, ECF No. 36 at ¶ 18.  Mr. Musk relied in good faith on Mr. Birchall and Morgan Stanley to execute and disclose the trades appropriately and did not personally execute any trades on behalf of the Revocable Trust or himself.  *Id.* ¶ 14; Defendant Elon Musk's Statement of Genuine Issues Pursuant to Local Rule 7(h), ECF No. 37-2 at ¶¶ 45-46.  Throughout the relevant period, the Revocable Trust, and the Revocable Trust alone, held the Twitter shares.  *See* Schedule 13G, *supra* n.1.  The Schedule 13G, filed on April 4, 2022, expressly states that, as of that date, the "[a]mount beneficially owned" was comprised of approximately 73.5 million "shares consisting of shares of Common Stock held by the Elon Musk Revocable Trust…."  *Id.*  The Schedule 13D, filed on April 5, 2022, similarly states that "[t]he Common Stock beneficial[ly] owned by the Reporting Person is held by the" Revocable Trust.[2]

## LEGAL STANDARD

Rule 19 "establishes a two-step procedure for determining whether an action must be dismissed because of the absence of a party needed for a just adjudication."  *Cherokee Nation of Okla. v. Babbitt*, 117 F.3d 1489, 1495-96 (D.C. Cir. 1997).  At the first step, a court determines whether the absent party is "necessary" under Rule 19(a).  *Id.* at 1496.  A party must be joined if "(1) complete relief cannot be accorded in its absence; or (2) the absentee's ability to protect its interests may be impaired by the disposition of the action; or (3) those already parties will be subject to a substantial risk of incurring inconsistent obligations because of the absence."  *Cloverleaf Standardbred Owners Ass'n v. Nat'l Bank of Wash.*, 699 F.2d 1274, 1278-79 (D.C. Cir.

---

[2]    *See* Item 5, Schedule 13D, Elon Musk (Twitter, Inc.), Apr. 5, 2022, https://www.sec.gov/Archives/edgar/data/1418091/000110465922042863/tm2211757d1_sc13d. htm ("Schedule 13D").

1983). "If the court finds that a 'required' person has not been joined, it 'must order that the person be made a party.'" *Banks v. Booth*, No. 20-849 (CKK), 2020 WL 2100978, at *3 (D.D.C. May 1, 2020) (quoting Fed. R. Civ. P. 19(a)(2)).  Rule 19's second step—whether in equity and good conscience the action should proceed or be dismissed—is reached only "[i]f a necessary party cannot be joined." *Id.*

## ARGUMENT

The Revocable Trust is a required party under Rule 19(a) and joinder is plainly feasible. This Court therefore should enter Defendant's proposed order, submitted herewith, joining the Revocable Trust.

## I.     THE REVOCABLE TRUST IS REQUIRED TO BE JOINED PURSUANT TO RULE 19(A)

The Revocable Trust is a required party under Rule 19(a) for three independent reasons: (i) complete relief cannot be accorded in its absence; (ii) the Revocable Trust's own interests will be impaired by a judgment entered without it; and (iii) there is a substantial risk of inconsistent obligations arising from the putative securities class action litigation pending in the United States District Court for the Southern District of New York in which the Revocable Trust is a named defendant.

### A.     Complete Relief Cannot Be Accorded Without The Revocable Trust

Rule 19(a)(1)(A) requires joinder where, as here, the Court cannot accord complete relief among existing parties in an entity's absence. *See Cloverleaf Standardbred Owners Ass'n*, 699 F.2d at 1278.  This standard is readily met here.

*First*, the SEC seeks disgorgement of the amount of alleged "savings" purportedly achieved during the period of alleged non-disclosure.  Compl. at 9-10 (Prayer for Relief).  For the reasons stated in Defendant's motion to strike and to dismiss, the SEC's disgorgement theory is legally

3

baseless, because the SEC cannot prove a realized ill-gotten gain or investor harm.  *See* ECF No. 16-1 at 12-24.  But even if (in the event of a finding of liability) disgorgement were permissible, it is the *Revocable Trust*, not Mr. Musk, that, based on the SEC's theoretical basis for disgorgement, garnered any purported "ill-gotten gain" resulting from any alleged price differential during that period.  *See* 15 U.S.C. § 78u(d)(3)(A)(ii).  Thus, it is the Revocable Trust that would be responsible for any disgorgement award and complete relief cannot be accorded in its absence.  *See Cook v. Food & Drug Admin.*, 733 F.3d 1, 11 (D.C. Cir. 2013) (Rule 19(a)(1)(B)(i) reflects the principle that "everyone should have his own day in court" (quoting Wright & Miller § 4449)); *Hansberry v. Lee*, 311 U.S. 32, 40 (1940) ("[O]ne is not bound by a judgment in personam in a litigation in which he is not designated as a party….").

*Second*, the SEC seeks civil monetary penalties.  Compl. at 10.  Penalties under 15 U.S.C. § 78u(d)(3)(B)(i) may be calculated through a statutory matrix based, in part, on whether the Defendant is an individual or a corporation.  The Revocable Trust is therefore a required party so complete relief (if any) can be accorded and this Court can appropriately calculate the amount (if any) of any statutory penalty.

*Third*, the SEC seeks injunctive relief.  Compl. at 10.  For the reasons stated in Defendant's motion to strike and to dismiss, the injunctive relief sought by the SEC here fails every element required for such relief and serves no legitimate purpose.  *See* ECF No. 16-1 at 7-12.  But in the event any injunction were entered here, contrary to law, it is clear that the Revocable Trust is a necessary party without which complete relief cannot be accorded.  *See, e.g.*, *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (complete relief impossible without joinder).

**B.      The Revocable Trust Has Cognizable Interests That Will Be Impaired**

Under Rule 19(a)(1)(B)(i), joinder also is required when an absent party claims an interest relating to the subject of the action and disposing of the action in the party's absence may, as a practical matter, impair or impede the person's ability to protect that interest. *See Wach v. Byrne, Goldenberg & Hamilton, PLLC*, 910 F. Supp. 2d 162, 170 (D.D.C. 2012) ("[T]he term 'legally protected interest' must be construed to exclude only those claimed interests that are 'patently frivolous.'" (citing *Davis v. U.S.*, 192 F.3d 951, 959 (10th Cir. 1999)). As the entity that funded and held the Twitter stock at issue, the Revocable Trust has a cognizable interest in the outcome of this proceeding and disposing of this action without the participation of the Revocable Trust will impede the Revocable Trust's ability to protect that interest. Here, the SEC's theories of liability and remedies directly impact the Revocable Trust's interests. The Revocable Trust must have its "own day in court" under Rule 19(a). *Cook*, 733 F.3d at 11 (discussing due process afforded by Rule 19(a)(1)(B)(i) (citing Wright & Miller § 4449)).

**C.      There Is Substantial Risk Of Inconsistent Obligations**

This Court must also join the Revocable Trust because of the substantial risk of double, multiple, or otherwise inconsistent obligations in its absence. The Revocable Trust is a named defendant in *Rasella v. Musk*, No. 1:22-cv-03026-ALC-GWG (S.D.N.Y.), a putative securities class action pending in the Southern District of New York that arises from the *same* purchases of Twitter stock and *same* alleged failure to timely disclose beneficial ownership under Section 13(d) and Rule 13d-1 as here. *See* Amended Complaint, *Rasella v. Musk*, No. 1:22-cv-03026-ALC-GWG (S.D.N.Y., May 28, 2024), ECF No. 99; ECF No. 2; ECF No. 15-1 at 11. The Revocable Trust must defend in *Rasella* many of the same underlying facts as here concerning its funding and purchases of Twitter stock and its disclosures under Section 13(d). Any purported finding of "investor harm" in this action would necessarily concern the putative class in *Rasella*. Likewise,

5

should this action result (at the conclusion of the presentation of all of the evidence) in an award of monetary relief, that relief would necessarily concern the same Revocable Trust assets as are directly at issue in *Rasella*.  This is precisely the double, multiple, or otherwise inconsistent obligations that Rule 19(a)(1)(B)(ii) exists to prevent.  *See Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 464-65 (D.C. Cir. 2017).

## II.    ALLEGED BENEFICIAL OWNERSHIP DOES NOT DEFEAT JOINDER

The SEC may contend that Mr. Musk is the "beneficial owner" of the Twitter shares and therefore the proper and complete defendant for all purposes.  As an initial matter, "beneficial ownership" has yet to be established on this record.  *See Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 123 (2d Cir. 2001); *Wellman v. Dickinson*, 682 F.2d 355, 365-66 (2d Cir. 1982).  More importantly, beneficial ownership status (which hinges on who controls the vote over stock held) does not determine: (i) who funded the purchases; (ii) who held the stock; (iii) whose assets bear the consequences of any finding of liability; (iv) whose interests are impaired by a judgment entered without them; and (v) whose litigation exposure creates the risk of inconsistent obligations.  Even if this Court were to determine (at the appropriate time) that Mr. Musk is the beneficial owner of the Twitter stock, that does not supersede the Revocable Trust's interests or its necessary joinder under Rule 19(a).

Indeed, the SEC's own enforcement precedent confirms that entities (like the Revocable Trust) that purchase and hold the securities at issue are the appropriate defendants in Section 13(d) proceedings.  In *In the Matter of Stilwell Value LLC*, Release No. 101178 (Sept. 25, 2024), for example, the SEC brought an administrative enforcement action and imposed a cease-and-desist order and civil monetary penalty on Stilwell Value LLC, an entity solely controlled by Joseph

6

Stilwell, for late filing of beneficial ownership reports under Section 13(d) and Rule 13d-1.[3]  The SEC did *not* bring an action against the *individual*, Joseph Stilwell, who was the ultimate beneficial owner of the stock, held voting power, and managed and controlled the fund.[4]  This is directly analogous to the situation here and evidences that the SEC's Complaint against Mr. Musk (and Mr. Musk alone) is wrong.  The SEC knows how to name the right entity when it wants to.  Indeed, the SEC's decision to sue only Mr. Musk here, while segregating the Revocable Trust from the proceedings that directly impact its interests, is a choice that Rule 19(a) does not permit.

## III.    JOINDER IS FEASIBLE

Because the Revocable Trust is a required party, this Court must order it joined if feasible. Fed. R. Civ. P. 19(a)(2); *Cloverleaf Standardbred Owners Ass'n*, 699 F.2d at 1278-79.  Joinder is plainly feasible here.  The Revocable Trust is a domestic revocable trust that can be served through its sole trustee.  *See* Fed. R. Civ. P. 19(a)(1) ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if...."); D.C. Code Ann. § 19-1310.10(c) ("A claim … on an obligation arising from ownership or control of trust property … may be asserted in a judicial proceeding against the trustee in the trustee's fiduciary capacity, whether or not the trustee is personally liable for the claim.").  Joinder of the Revocable Trust will not deprive this Court of subject matter jurisdiction: The Revocable

---

[3]    *In the Matter of Stilwell Value LLC*, Release No. 101178 (Sept. 25, 2024), https://www.sec.gov/files/litigation/admin/2024/34-101178.pdf.

[4]    *See, e.g.*, Item 2, Schedule 13D, Joseph Stilwell (Cincinnati Bancorp, Inc.), May 7, 2020, https://www.sec.gov/Archives/edgar/data/1787005/000110465920058176/tm2019015-1_sc13d.htm.

Trust's interests arise under Section 13(d) and 15 U.S.C. § 78u(d), the same federal securities laws

already before the Court.  *See* 15 U.S.C. § 78m(d); 17 C.F.R. § 240.13d-1.[5]

**CONCLUSION**

For the foregoing reasons, the Court should enter the proposed order submitted herewith.


Dated:  April 21, 2026

**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**

Sarah Heaton Concannon (D.C. Bar No. 1780045)
Rachel Frank Quinton (D.C. Bar No. 1659649)
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8000
sarahconcannon@quinnemanuel.com
rachelquinton@quinnemanuel.com

Alex Spiro (*pro hac vice*)
295 5th Ave, 9th Floor
New York, NY 10016
(212) 849-7000
alexspiro@quinnemanuel.com

*Attorneys for Elon Musk*

---

[5]    Because joinder is feasible, it is unnecessary to reach the Rule 19(b) factors.  *See W. Flagler Assocs., Ltd. v. Haaland*, 71 F.4th 1059, 1070 (D.C. Cir. 2023) (Rule 19(b) reached only where "a party is required but cannot be joined"); *Banks v. Booth*, No. 20-849, 2020 WL 2100978, at *3 (D.D.C. May 1, 2020) (ordering joinder and stating that the second step of Rule 19 analysis is reached only "[i]f a necessary party cannot be joined").

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April 2026, I filed the foregoing motion electronically with the Clerk of Court using the ECF system.

Sarah Heaton Concannon