**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                         *Plaintiff,*<br><br>v.<br><br>ELON MUSK,<br><br>                       *Defendant.* | Case No. 25-cv-000105-SLS |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS**
**MOTION TO STRIKE INSUFFICIENT DEFENSES**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................ 1

LEGAL STANDARD ................................................................................. 1

ARGUMENT ............................................................................................. 2

I.    The Court Should Strike Musk's Insufficient Defenses ........................ 3

      First Defense (Failure to State a Claim) ..................................... 3

      Second Defense (Failure to Establish Entitlement to Relief) ...... 4

      Third Defense (Violative of First Amendment) ........................... 4

      Fourth Defense (Violative of Fifth Amendment Due Process—
      Vagueness) ................................................................................. 5

      Fifth Defense (Violative of Fifth Amendment Due Process—
      Selective Enforcement) ............................................................... 5

      Sixth Defense (Violative of Eighth Amendment) ........................ 9

      Seventh Defense (Violative of Article II) ................................... 10

      Twelfth Defense (Nunc Pro Tunc) ............................................. 10

      Thirteenth Defense (Unclean Hands) ........................................ 11

II.    Allowing the Challenged Defenses Will Prejudice the SEC ................ 13

CONCLUSION ......................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

\* *Attorney Gen. of U.S. v. Irish People, Inc.*, 684 F.2d 928 (D.C. Cir. 1982)...... passim

*Bartko v. SEC*, 845 F.3d 1217 (D.C. Cir. 2017) ........................................................ 12

*Branch Ministries v. Rossotti*, 211 F.3d 137 (D.C. Cir. 2000) .................................... 7

*Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2001)........... 14

*F.D.I.C. v. Pelletreau & Pelletreau*, 965 F. Supp. 381 (E.D.N.Y. 1997) ...................... 5

*FTC v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD,
    2022 WL 16637996 (N.D. Cal. Nov. 2, 2022)........................................................ 7

*FTC v. Quincy Bioscience Holding Co.*, No. 17 CIV. 124 (LLS),
    2020 WL 1031271 (S.D.N.Y. Mar. 2, 2020) ........................................................ 5

*Malibu Media, LLC v. Parsons*, No. CV 12-1331 (BAH),
    2013 WL 12324463 (D.D.C. May 31, 2013) ...................................................... 3, 9

\* *SEC v. Am. Growth Funding II, LLC*, No. 16CV00828 (KMW) (DF), 2016 WL
    8314623 (S.D.N.Y. Dec. 30, 2016), *report and recommendation adopted,*
    No. 16 CV 0828 (KMW), 2017 WL 728701 (S.D.N.Y. Feb. 22, 2017) ......... 13, 14, 15

\* *SEC v. Cuban*, 798 F. Supp. 2d 783 (N.D. Tex. 2011) ...................................... 12, 15

\* *SEC v. Gulf & W. Indus., Inc.*, 502 F. Supp. 343 (D.D.C. 1980) ........................ 2, 11

*SEC v. KPMG LLP*, No. 03 CIV. 671 (DLC),
    2003 WL 21976733 (S.D.N.Y. Aug. 20, 2003)...................................................... 15

*SEC v. Levy*, 706 F. Supp. 61 (D.D.C. 1989) ................................................................ 3

\* *SEC v. McCaskey*, 56 F. Supp. 2d 323 (S.D.N.Y. 1999).................................... 3, 13

\* *SEC v. Rayat*, No. 21-CV-4777 (LJL),
    2021 WL 4868590 (S.D.N.Y. Oct. 18, 2021)...................................................... 3, 13

*SEC v. Rivlin*, No. 99-1455 (RCL), 1999 WL 1455758 (D.D.C. Dec. 20, 1999).......... 11

*SEC v. Savoy Indus., Inc.*, 587 F.2d 1149 (D.C. Cir. 1978)........................................ 3

*SEC v. Sprecher*, No. CIV. A. 92-2860 LFO,
    1993 WL 544306 (D.D.C. Dec. 16, 1993)............................................................ 11

**\*** *SEC v. W. Int'l Sec., Inc.*, No. 2:22-cv-04119-ODW-AFMX, 2023 WL 2480732 (C.D. Cal. Mar. 13, 2023) ................................................. 6, 8, 13

*SEC v. Wills*, 472 F. Supp. 1250 (D.D.C. 1978) ........................................................ 3

**\*** *The Court Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283 (S.D. Fla. 2007) ...................................................... 3, 4, 9, 11

**\*** *U.S. ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1 (D.D.C. 2015) ....... 2, 4, 5

*U.S. ex rel. Raggio v. Jacintoport Int'l, LLC*, No. CV 10-01908 (BJR), 2013 WL 12321941 (D.D.C. Dec. 23, 2013) .......................................................... 2

*U.S. ex rel. Spay v. CVS Caremark Corp.*, No. CIV.A. 09-4672, 2013 WL 1755214 (E.D. Pa. Apr. 24, 2013) ............................................................ 4

*United States v. Armstrong*, 517 U.S. 456 (1996) ..................................................... 9

*United States v. Barnes*, No. 18-MJ-54 (RMM), 2019 WL 5538550 (D.D.C. Oct. 24, 2019), *aff'd,* 481 F. Supp. 3d 15 (D.D.C. 2020) .................................................... 8, 9

*United States v. Barry*, No. MAG 18-00111 (RMM), 2019 WL 2396266 (D.D.C. June 5, 2019) ................................................................ 8

*United States v. DynCorp Int'l LLC*, 282 F. Supp. 3d 51 (D.D.C. 2017) ................... 11

*United States v. Google, LLC*, 692 F. Supp. 3d 583 (E.D. Va. 2023) ....................... 6, 8

*United States v. Khanu*, 664 F. Supp. 2d 28 (D.D.C. 2009) ....................................... 9

*United States v. McIver*, No. 25-388, 2025 WL 3171286 (D.N.J. Nov. 13, 2025) ........ 9

*United States v. Navarro*, 627 F. Supp. 3d 1 (D.D.C. 2022) ...................................... 8

*United States v. Philip Morris Inc.,* 300 F. Supp. 2d 61 (D.D.C. 2004) ..................... 11

*United States v. Stone*, 394 F. Supp. 3d 1 (D.D.C. 2019) ............................................ 9

### Rules

17 C.F.R. § 240.13d-3 (2021) ...................................................................................... 13

Fed. R. Civ. P. 12(f) ...................................................................................................... 2

Fed. R. Civ. P. 19(a) ............................................................................................. 13, 14

## INTRODUCTION

In Elon Musk's Answer to the Securities and Exchange Commission's Complaint, he admits facts sufficient to show that he violated Section 13(d) of the Exchange Act of 1934 and Rule 13d-1 thereunder. Musk admits that the facts in his SEC filings were "true and correct"—including that by March 14, 2022, he was the beneficial owner of more than 5% of Twitter stock. Answer, ECF No. 36, ¶¶ 2, 33. There is no dispute that 5% beneficial ownership triggered an obligation to file a Schedule 13D, or if eligible a Schedule 13G, within 10 days. And Musk "admits that the earliest date on which either a Schedule 13G or a Schedule 13D was filed in connection with [his beneficial ownership] of Twitter common stock was the filing of a Schedule 13G on April 4, 2022." *Id.* ¶ 27. These admissions are enough to show a *prima facie* violation of Section 13(d).

Musk also invokes fourteen affirmative defenses, many which the Court already rejected when denying his motion to dismiss. The Court should strike these insufficient defenses because they would prolong this litigation, unnecessarily expand the scope of discovery, and unfairly prejudice the SEC.

## LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure allows a court "to strike from a pleading an insufficient defense . . . on its own" or "on motion made by a party." Fed. R. Civ. P. 12(f). While motions to strike are not generally favored, a motion to strike an insufficient affirmative defense "should be granted where it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid

1

defense." *SEC v. Gulf & W. Indus., Inc.*, 502 F. Supp. 343, 345 (D.D.C. 1980); *see U.S. ex rel. Landis v. Tailwind Sports Corp.*, 308 F.R.D. 1, 4 (D.D.C. 2015); *U.S. ex rel. Raggio v. Jacintoport Int'l, LLC*, No. CV 10-01908 (BJR), 2013 WL 12321941, at *3 (D.D.C. Dec. 23, 2013).

A party moving to strike under Rule 12(f) should also show that it may face "some form of significant prejudice." Mem. Op., ECF No. 32 at 4 ("MTD Op.") (denying Musk's motion to strike and dismiss). "The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion." *Tailwind Sports*, 308 F.R.D. at 4.

## ARGUMENT

None of the affirmative defenses raised by Musk are legally sufficient. Indeed, many have already been rejected as a matter of law by this Court at the motion-to-dismiss stage. The Court also held that Musk failed to carry his threshold evidentiary burden for other defenses like selective enforcement and the argument that SEC Commissioners allegedly have removal protections that violate the Constitution. The Court's opinion explained—in detail—what else needed to be shown before invoking those defenses. *See* MTD Op. at 24, 32–33. Musk's Answer did not heed the Court's guidance. As a result, the Court should strike those defenses for the same reasons it denied Musk's motion to dismiss. Musk's new affirmative defenses also fail for the reasons described below.

These insufficient defenses improperly and unfairly prejudice the SEC. The Court should strike the defenses identified below because "allowing the defense to remain would prejudice the SEC by needlessly lengthening and complicating the

2

discovery process and trial of this matter." *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326–27 (S.D.N.Y. 1999); *see also SEC v. Rayat*, No. 21-CV-4777 (LJL), 2021 WL 4868590, at *4 (S.D.N.Y. Oct. 18, 2021). [1]

## I.    The Court Should Strike Musk's Insufficient Defenses

### *First Defense (Failure to State a Claim)*

The Court should strike Musk's First Defense for failure to state a claim because that is not an affirmative defense at all. "Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid *prima facie* case" and therefore "it is not properly asserted as an affirmative defense." *The Court Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) (granting motion to strike); *see Malibu Media, LLC v. Parsons*, No. CV 12-1331 (BAH), 2013 WL 12324463, at *3 (D.D.C. May 31, 2013) (striking affirmative defense of failure "to state a claim upon which relief can be granted" when the complaint "sufficiently address[ed] the elements to make out a claim").

---

[1] The SEC moves to strike all defenses except those invoking state of mind (Defenses 8–10) and indispensable party (Defense 14). To be clear, Musk's state-of-mind defenses are legally insufficient because state of mind is not relevant to liability under Section 13(d) and cannot be raised as an affirmative defense. *See SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1167 (D.C. Cir. 1978); *SEC v. Wills*, 472 F. Supp. 1250, 1268 (D.D.C. 1978); *SEC v. Levy*, 706 F. Supp. 61 (D.D.C. 1989) (Lamberth, J.). But the SEC understands from the Court's comments at the March 4 status conference that it prefers to consider those defenses at summary judgment.

The SEC is also not moving to strike Musk's indispensable party defense because that is a pure legal argument that does not require discovery. Should Musk move to dismiss on this basis later in the case, the SEC will oppose and explain why that defense fails at that time.

The Court already rejected the defense of failure to state a claim when it denied Musk's motion to dismiss under Rule 12(b)(6). *See generally* MTD Op. When "a court has previously made a legal determination that a Plaintiff's complaint stated a claim for relief, a subsequent affirmative defense claiming failure to state a claim or to properly plead should be stricken." *Tailwind Sports*, 308 F.R.D. at 4–5 (quoting *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. CIV.A. 09-4672, 2013 WL 1755214, at *3 (E.D. Pa. Apr. 24, 2013) (collecting cases)).

### Second Defense (Failure to Establish Entitlement to Relief)

Musk's Second Defense is not a valid affirmative defense because it does not address liability. For his Second Defense, Musk argues that even if he had violated Section 13(d), the Court should deny the SEC's request for certain remedies like injunctive relief and disgorgement.[2] But like Musk's First Defense, this one "is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid *prima facie* case." *Home Depot*, 517 F. Supp. 2d at 1292 (granting motion to strike insufficient affirmative defense). The Court should strike.

### Third Defense (Violative of First Amendment)

The Court should strike Musk's Third Defense, which argues that Section 13(d) and Rule 13d-1 violate the First Amendment. The Court has already considered and rejected this argument when it held that Section 13(d) and Rule 13d-1 do not violate the First Amendment, both facially and as applied to Musk.

---

[2] Musk's Second Defense does not challenge the SEC's authority to seek a civil penalty.

MTD Op. at 8–21. Musk does not provide any basis for the Court to reconsider its decision—the Answer makes no new factual allegations in support of this defense, nor does it identify any new applicable legal authority.

"An affirmative defense which previously has been rejected on a defendant's motion to dismiss is thereupon insufficient as a matter of law and must be stricken." *F.D.I.C. v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 390 (E.D.N.Y. 1997); *see Tailwind Sports*, 308 F.R.D. at 4–5 (striking affirmative defense because the court "previously made a legal determination" foreclosing those defenses); *FTC v. Quincy Bioscience Holding Co.*, No. 17 CIV. 124 (LLS), 2020 WL 1031271, at *2 (S.D.N.Y. Mar. 2, 2020) (granting motion to strike because "[t]here is no need to litigate the same issue again").

### Fourth Defense (Violative of Fifth Amendment Due Process—Vagueness)

The Court should also strike Musk's Fourth Defense, which argues that Rule 13d-1's deadline of "within 10 days" was unconstitutionally vague. The Court already considered and rejected this argument, too. MTD Op. at 21–23. Musk provides no basis to reconsider. The Answer makes no new factual allegations in support of this defense, nor does it identify any new legal authority. "There is no need to litigate the same issue again." *Quincy Bioscience*, 2020 WL 1031271, at *2; *see Pelletreau*, 965 F. Supp. at 390; *Tailwind Sports*, 308 F.R.D. at 4–5.

### Fifth Defense (Violative of Fifth Amendment Due Process—Selective Enforcement)

The court should strike Musk's Fifth Defense of selective enforcement because Musk has failed to make out a colorable claim. *See SEC v. W. Int'l Sec.,*

5

*Inc.*, No. 2:22-cv-04119-ODW-AFMX, 2023 WL 2480732, at *10 (C.D. Cal. Mar. 13, 2023) (striking defense of selective enforcement); *United States v. Google, LLC*, 692 F. Supp. 3d 583, 596 (E.D. Va. 2023) (same).[3]

When the Court denied Musk's motion to dismiss for selective enforcement, the Court explained that to assert this defense, Musk needed to satisfy a "rigorous standard" by "put[ing] forth some evidence tending to show" that "(1) he had been singled out while other similarly situated violators were left untouched, and (2) that the government selected [him] for prosecution invidiously or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of [his] constitutional rights." MTD Op. at 24 (original alterations omitted).

Musk has now made at least four submissions claiming that the SEC violated his constitutional rights through selective enforcement. ECF No. 16-1 at 38–42 ("MTD"); Reply ISO MTD, ECF No. 25 at 20–22; Opp. to MSJ at 24–25; Answer. But Musk has still not identified even one similarly situated person whom the SEC has not charged with violating Section 13(d), and Musk has offered nothing more than his unsupported speculation that the SEC brought this matter for an improper

---

[3] Musk's Answer continues to "not address" the basic legal question of "whether a defendant in a civil action can even raise a selective-enforcement argument." MTD Op. at 23 (citing *Attorney Gen. of U.S. v. Irish People, Inc.*, 684 F.2d 928, 932 n.8 (D.C. Cir. 1982), and *Google*, 692 F. Supp. 3d at 593 (collecting cases)). The Court need not reach that issue because the defense fails on multiple grounds that the Court has already carefully weighed.

purpose.

On the first prong, the Court already held that "Musk [fell] well short of carrying his burden" to show that "he has been singled out while other similarly situated violators were left untouched." MTD Op. at 24 (alterations omitted). His Answer does not make any new allegations—much less any new evidence— identifying anyone similarly situated. Answer at 15. The Court should thus again find that Musk failed to show that he was singled out.

Because Musk does not identify any similarly situated person, his selective enforcement defense fails as a matter of law and should be stricken. *See Branch Ministries v. Rossotti*, 211 F.3d 137, 144–45 (D.C. Cir. 2000) (If "there was no one to whom defendant could be compared in order to resolve the question of [prosecutorial] selection, then it follows that defendant has failed to make out one of the elements of its case."); *Irish People*, 684 F.2d at 946 (explaining that if "few are 'similarly situated' with defendant . . . we would not find for defendant"); *FTC v. Meta Platforms Inc.*, No. 5:22-CV-04325-EJD, 2022 WL 16637996, at *8 (N.D. Cal. Nov. 2, 2022) (striking selective enforcement defense).

Because Musk failed to satisfy his burden on the first prong, the Court does not even need to reach the second prong of the defense—whether Musk has shown that the SEC singled him out in violation of a constitutional right. *See* MTD Op. at 27 n.8. But Musk continues to fail to carry his burden on that prong as well. *See* SEC Opp'n to MTD, ECF No. 24 at 42–43, SEC Reply ISO MSJ at 16–21. In his motion to dismiss, Musk listed some of his own statements critical of the SEC. MTD

at 41. He then argued that the "temporal proximity" between those statements and the filing of this enforcement action is evidence of unconstitutional discrimination. *Id.* at 42. As the SEC explained in its opposition to that motion, a person subject to a regulatory investigation cannot escape liability by publicly criticizing the investigating agency and then argue a later lawsuit must be unconstitutional. Opp. to MTD at 42. There needs to be something more.

Musk, however, "fails to provide any evidence, beyond his own speculation, that he was prosecuted because of his speech." *United States v. Barnes*, No. 18-MJ-54 (RMM), 2019 WL 5538550, at *8 (D.D.C. Oct. 24, 2019), *aff'd,* 481 F. Supp. 3d 15 (D.D.C. 2020); *United States v. Navarro*, 627 F. Supp. 3d 1, 7 (D.D.C. 2022) (finding defendant did not make a colorable showing, explaining, "This is not evidence of discriminatory motive; it is speculation."); *United States v. Barry*, No. MAG 18-00111 (RMM), 2019 WL 2396266, at *6 (D.D.C. June 5, 2019) ("Absent evidence . . . Mr. Barry cannot meet the second prong of the selective prosecution standard").

Musk cannot save this defense by claiming that he needs discovery because he is not entitled to discovery. *W. Int'l Sec.*, 2023 WL 2480732, at **8–10; *Google*, 692 F. Supp. 3d at 596. As the Court explained, Musk must first carry a threshold burden on *both* prongs of the defense before he may even seek discovery. MTD Op. at 24. Before a party asserting selective enforcement is entitled to discovery, he must make "a colorable showing" based on evidence "that there exist persons similarly situated who have not been prosecuted" and "that he has been especially singled out." *Irish People*, 684 F.2d at 946; *see United States v. Armstrong*, 517 U.S.

8

456, 468, (1996) (describing the "rigorous standard" that must be met before a court will permit discovery in support of selective prosecution); *United States. v. McIver*, No. 25-388, 2025 WL 3171286 at *18 (D.N.J. Nov. 13, 2025) ("To obtain discovery, Defendant 'must still include a showing that similarly situated persons were not prosecuted.'"); *Barnes*, 2019 WL 5538550, at *9; *United States v. Stone*, 394 F. Supp. 3d 1, 30 (D.D.C. 2019) (same); *United States v. Khanu*, 664 F. Supp. 2d 28, 31 (D.D.C. 2009) (same).

When deciding whether to permit discovery into a claim of selective enforcement, if a court finds that "either part of the test is failed, the defense fails; thus it makes sense to require a colorable claim of both before subjecting the Government to discovery." *Irish People*, 684 F.2d at 947. Musk has not met this standard, so he is not entitled to discovery. The Court should strike this defense.

### Sixth Defense (Violative of Eighth Amendment)

The Court should strike Musk's Sixth Defense because his opposition to disgorgement under the Eighth Amendment is not an affirmative defense to liability. Musk argues that even if he had violated Section 13(d), the Court should deny any future request for disgorgement. Like many of Musk's other defenses, this one "is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid *prima facie* case." *Home Depot*, 517 F. Supp. 2d at 1292 (granting motion to strike); *see Malibu Media*, 2013 WL 12324463, at *3 (same).

This purported defense raises a legal issue which may be considered at the remedies stage of the case, but it cannot preclude the Court from holding Musk liable for his violation. *See* MTD Op. at 45, n.20 ("Eighth Amendment challenges

9

are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment or fine.").

### Seventh Defense (Violative of Article II)

The Court has also already considered and rejected Musk's Seventh Defense, which argues that the SEC Commissioners allegedly have removal protections that violate Article II of the Constitution. When the Court denied Musk's motion to dismiss on this basis, it pointed out several flaws in his argument that he has still not addressed.

First, the Court explained that Musk had not shown that SEC Commissioners enjoy any statutory removal protections. MTD Op. at 28. He still hasn't—Musk's Answer does not identify any statutory provision that established the claimed removal protection.

Second, the Court held that Musk "fail[ed] to carry [his] burden" to show that any purported removal protections had caused him harm. *Id.* at 32. The Court explained that Musk must plausibly connect the Commissioner's purported removal protections with the SEC's enforcement and continued litigation of this case. *Id.* at 33. The Court found Musk's claim of harm "implausible." *Id.* Musk's Answer raised no new factual allegations or evidence in support of this defense. Instead, it relies on the same arguments and allegations that this Court has already rejected. *See* Answer at 16; MTD Op. at 27–36. The Court should reach the same conclusion and strike this defense.

### Twelfth Defense (Nunc Pro Tunc)

Musk's Answer also raises a new defense, asking the Court to "exercise its

10

equitable powers to grant Mr. Musk *nunc pro tunc* relief." Musk's Answer cites no legal authority in support of this defense. He identifies no court that has recognized *nunc pro tunc* as an affirmative defense. Musk does not explain what legal standards or elements that he must satisfy are required to make out this purported defense. And he provides no factual support or explanation for why he might be entitled to such relief. If this defense is a request that the Court exercise its equitable discretion to impose no remedies regardless of liability, "it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid *prima facie* case." *Home Depot*, 517 F. Supp. 2d at 1292. It should be stricken.

### Thirteenth Defense (Unclean Hands)

Musk's Thirteenth Defense is based on the equitable doctrine of unclean hands. Courts in this district strike this defense when raised in an SEC enforcement action because "the doctrine of unclean hands may not be invoked against the SEC." *SEC v. Rivlin*, No. 99-1455 (RCL), 1999 WL 1455758, at *5 (D.D.C. Dec. 20, 1999). And an invocation of unclean hands as a defense against an SEC enforcement action "is clearly without merit." *Gulf & W. Indus.*, 502 F. Supp. at 348 (striking the defense); *see also United States v. DynCorp Int'l LLC*, 282 F. Supp. 3d 51, 58 (D.D.C. 2017) ("The unclean hands doctrine "may not be invoked against a governmental agency which is attempting to enforce a congressional mandate in the public interest."); *United States v. Philip Morris Inc.,* 300 F. Supp. 2d 61, 75 (D.D.C. 2004) (when "the Government acts in the public interest the unclean hands doctrine is unavailable as a matter of law"); *SEC v. Sprecher*, No. CIV. A. 92-2860 LFO, 1993 WL 544306, at *2 (D.D.C. Dec. 16, 1993) (striking the

11

defense because "an unclean hands defense does not lie in a civil enforcement action brought by" the SEC).

While neither the D.C. Circuit nor the Supreme Court have squarely held that a defense of unclean hands never can be raised against the government, the D.C. Circuit has explained that even if it were available, a defendant must first make a threshold showing that "the agency's misconduct [was] egregious and the resulting prejudice to the defendant rise[s] to a constitutional level." *Bartko v. SEC*, 845 F.3d 1217, 1227 (D.C. Cir. 2017); *see also SEC v. Cuban*, 798 F. Supp. 2d 783, 795 (N.D. Tex. 2011) ("[T]o the extent an affirmative defense such as unclean hands is available, it is only in strictly limited circumstances where the agency's misconduct is egregious, and the misconduct results in prejudice to the defense of the enforcement action that rises to a constitutional level and is established through a direct nexus between the misconduct and the constitutional injury."). We are unaware of any case in which a defendant to an SEC enforcement action has ever avoided liability by invoking an unclean hands defense.

Musk alleges that the SEC "has engaged in inequitable conduct affecting this action." Answer at 18. This conclusory claim, unsupported by factual allegations or citations, does not identify any misconduct that rises to a constitutional level or show "a direct nexus between the misconduct and the constitutional injury." *See Cuban*, 798 F. Supp. 2d at 796. (striking defense of unclean hands when Defendant failed to sufficiently allege inequitable conduct at pleadings stage); *SEC v. Am. Growth Funding II, LLC*, No. 16CV00828 (KMW) (DF), 2016 WL 8314623, at *7

12

(S.D.N.Y. Dec. 30, 2016), *report and recommendation adopted,* No. 16 CV 0828 (KMW), 2017 WL 728701 (S.D.N.Y. Feb. 22, 2017) ("Even accepting that motions to strike are generally disfavored, the case law shows that, in an enforcement action like this one, a defendant's pure speculation about potential prejudice is not enough to permit an equitable defense against the SEC to go forward, even at the pleading stage."). This Court should not permit Musk to invoke an unclean hands defense.

## II.    Allowing the Challenged Defenses Will Prejudice the SEC

Allowing Musk to pursue these insufficient defenses "would prejudice the SEC by needlessly lengthening and complicating the discovery process and trial." *McCaskey*, 56 F. Supp. 2d at 326–27; *see Rayat*, 2021 WL 4868590, at *4.

Permitting discovery in support of legally insufficient defenses will embroil parties in discovery (and concomitant discovery disputes) over issues that have nothing to do with whether Musk violated Section 13(d) or what remedies would be appropriate. *W. Int'l Sec.*, 2023 WL 2480732, at *9 ("the SEC would suffer significant prejudice were it required to conduct expensive and potentially unnecessary and irrelevant discovery on a legally unsustainable affirmative defense") (quotation marks omitted).

Musk has made no secret of the broad scope of discovery that he plans to seek in support of dubious defenses, including sweeping discovery into privileged SEC communications and intrusive, irrelevant discovery into SEC internal communications and processes. *See* Joint Status Report, at 8–11; Concannon Decl., ECF No. 37-1. He seeks "SEC's internal charging decision documents," "the Commission-level authorization record for this enforcement action," and "any

13

communications" from across the Commission "referencing Mr. Musk's public criticism of the agency." Joint Status Report, at 10. Those requests seek documents that have nothing to do with whether Musk violated Section 13(d) and would include information that is protected and privileged—including attorney-client communications, attorney work product, and documents protected by the deliberate process privilege. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (describing deliberative process privilege).

The SEC "would be prejudiced by inclusion of the [insufficient] constitutional defenses in these proceedings" because those defenses "threaten to shift litigation attention and discovery towards the [SEC's] actions, rather than Defendant['s]." *See FTC v. IQVIA Holdings Inc.*, No. 23 CIV. 06188 (ER), 2023 WL 7152577, at *8 (S.D.N.Y. Oct. 31, 2023) (quoting *Meta Platforms*, 2022 WL 16637996, at *7). "This type of discovery, which would force the SEC to give attention to matters collateral to its securities claims against Defendants, has been held sufficient to satisfy the Rule 12(f) requirement that the moving party show prejudice." *Am. Growth Funding II*, 2016 WL 8314623, at *7.

Musk's expansive discovery is not limited to the SEC. Indeed, he also wants "DOJ or OLC communications regarding the SEC's independence and removal structure" and to embark on a fishing expedition into whether there were "any other relevant government communications" about this case. Joint Status Report, at 10. Those communications are irrelevant to Musk's violation and would likewise be subject to various protections and privileges.

14

Musk's invocation of selective enforcement and unclean hands creates an acute risk of unnecessary distraction and improper discovery, which is why the law requires a defendant to make a colorable claim before permitting discovery in support of those defenses. *See Irish People*, 684 F.2d at 947 (holding that defendant must make colorable showing of selective enforcement "before subjecting the Government to discovery"); *Cuban*, 798 F. Supp. 2d at 794-95 (striking unclean hands defense: "When this affirmative defense is asserted . . . the parties can become embroiled in a wide-ranging and intrusive dispute about how the SEC has conducted the enforcement action.").

"Even apart from whether the discovery sought by [Musk] with respect to these affirmative defenses would unduly intrude into the SEC's investigative process, or would disproportionately implicate privileged communications or attorney work product (given the apparent involvement of SEC counsel in the investigation), the requested discovery would, at a minimum, prolong and complicate this litigation." *Am. Growth Funding II*, 2016 WL 8314623, at *7. Courts regularly find that allowing a defendant to invoke insufficient defenses would prejudice the SEC and strike defenses on that basis. *Id.*; *SEC v. KPMG LLP*, No. 03 CIV. 671 (DLC), 2003 WL 21976733, at *3 (S.D.N.Y. Aug. 20, 2003) (finding prejudice when defendant gave "notice that they will seek to discover the internal workings of the SEC investigations . . . to support these defenses").

The relevant factual and legal issues here are straightforward—did Musk file the required Schedule 13D, or if eligible a Schedule 13G, by the deadline? If not,

15

what remedies should the Court impose? This litigation and any discovery should focus on those issues—and those issues alone.

## CONCLUSION

For these reasons, the Court should grant the SEC's motion to strike.


Dated: April 21, 2026                    Respectfully submitted,

                                         By: /s/ Zachary A. Avallone

                                         Melissa J. Armstrong (Texas Bar No. 24050234)
                                              Tel. No. 202.551.4724
                                              Email: armstrongm@sec.gov
                                         Zachary A. Avallone (DC Bar No. 1023361)
                                              Tel. No. 202.551.4479
                                              Email: avallonez@sec.gov

                                         Securities and Exchange Commission
                                         100 F Street, N.E.
                                         Washington, D.C. 20549

                                         *Counsel for Plaintiff*
                                              *Securities and Exchange Commission*

16