UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *Plaintiff*, v. ELON MUSK, and ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003, *Defendants*. | Case No. 25-cv-000105-SLS |

CONSENT OF DEFENDANT
ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003

1.      Plaintiff Securities and Exchange Commission and Defendant Elon Musk Revocable Trust dated July 22, 2003 ("Revocable Trust") seek to achieve a resolution of this litigation by settling the SEC's claims against the Revocable Trust.

2.      Defendant acknowledges having been served with the Amended Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

3.      Without admitting or denying the allegations of the Amended Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1

      a.     permanently restrains and enjoins the Revocable Trust from violating Section 13(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(d)] and Rule 13d-1 thereunder [17 C.F.R. § 240.13d-1] as further described in the attached Final Judgment; and

      b.     orders the Revocable Trust to pay a civil penalty in the amount of $1,500,000.

4.     The Revocable Trust agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that the Revocable Trust pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  The Revocable Trust further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that it pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with a statement by counsel stating that Defendant has received and read a copy of the Final Judgment.

11.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

3

including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that the Revocable Trust shall not be permitted to contest the factual allegations of the Amended Complaint in this action.

12.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Amended Complaint as to the Revocable Trust or creating the impression that the Amended Complaint

as to the Revocable Trust is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Amended Complaint as to the Revocable Trust, or that this Consent contains no admission of the allegations as to the Revocable Trust, without also stating that Defendant does not deny the allegations as to the Revocable Trust; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Amended Complaint as to the Revocable Trust. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


Dated:  May 1, 2026                    Elon Musk Revocable Trust dated July 22, 2003

By: _____

                    Alex Spiro
                    Pursuant to Limited Power of Attorney
                    Granted by Sole Trustee of the Revocable
                    Trust


Approved as to form:

_____
Sarah Heaton Concannon (D.C. Bar No. 1780045)
Rachel Frank Quinton (D.C. Bar No. 1659649)
555 13th Street, N.W., Suite 600
Washington, DC 20005
(202) 538-8000
sarahconcannon@quinnemanuel.com
rachelquinton@quinnemanuel.com

Attorneys for Defendant
Elon Musk Revocable Trust dated July 22, 2003

6