## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>ELON MUSK, and ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003,<br><br><br>       Defendants. | Case No. 25-cv-000105-SLS |

### CONSENT MOTION TO MODIFY PROPOSED FINAL JUDGMENT AS TO DEFENDANT ELON MUSK REVOCABLE TRUST DATED JULY 22, 2003

Plaintiff Securities and Exchange Commission writes to inform the Court of a change to the Commission's rules of informal procedure that is relevant to the pending Consent Motion for Entry of Final Judgment as to Defendant Elon Musk Revocable Trust Dated July 22, 2003. ECF No. 48. We believe that this change warrants revising the proposed Final Judgment previously submitted to the Court as Exhibit 1 to that Motion. ECF No. 48-2. A revised proposed Final Judgment is attached to this motion, including a redline version.

The proposed judgment incorporates the Consent signed by the Defendant. That Consent, however, contains certain agreements based on a policy that the Commission recently rescinded. Therefore, the Final Judgment in this case should not incorporate those particular provisions of the Consent.

On May 18, 2026, the Commission announced rescission of a policy, codified in Rule 202.5(e) of its rules of informal procedure [17 C.F.R. § 202.5(e)], stating that when it chooses to settle an enforcement action in which a sanction is imposed, it will not settle unless the defendant or respondent also agrees not to publicly deny the allegations in the complaint or administrative order. 91 Fed. Reg. 29892 (May 21, 2026). The Commission also stated that it will not enforce existing no-deny provisions that have already been entered. *Id.* at 29895.

The Consent signed by Defendant Revocable Trust reflects the terms of now-rescinded Rule 202.5(e). ECF No. 48-2. Paragraph 3 asserts that the Defendant consents to the entry of final judgment "without . . . denying the allegations of the Amended Complaint," and paragraph 12 contains further restrictions on denials, per Rule 202.5(e). (*Id.,* ¶¶ 3, 12). The restrictions imposed by that paragraph of the Consent should not be incorporated into the Final Judgment.

No other provision of the Consent is impacted by the Commission's rescission of Rule 202.5(e).

The attached revised proposed Final Judgment therefore deletes the language in the introductory paragraph that refers to "without . . . denying" allegations in the Amended Complaint and specifies that paragraph 12 of the Consent is not incorporated into the Final Judgment.

To avoid potential delay and given that the previously submitted proposed Final Judgment remains pending before the Court, we did not seek a new Consent from the Defendant Revocable Trust. But the proposed revisions do not prejudice

the Defendant and indeed operate only to its benefit because the revisions permit

conduct in which Defendant previously agreed not to engage, and that Rule 202.5(e)

previously prohibited.

We have conferred with defense counsel, who indicated that Defendants

consent to the relief sought by this motion.


Dated: June 1, 2026

Respectfully submitted,

*/s/    Zachary A. Avallone*

Nicholas P. Grippo (D.C. Bar No. 90035947)
    Tel. No. 202.551.3099
    Email: gripponi@sec.gov
Melissa J. Armstrong (Texas Bar No.
    24050234)
    Tel. No. 202.551.4724
    Email: armstrongm@sec.gov
Zachary A. Avallone (DC Bar No. 1023361)
    Tel. No. 202.551.4479
    Email: avallonez@sec.gov
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549

*Counsel for Plaintiff*
*Securities and Exchange Commission*

3