**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *Plaintiff*, v. ELON MUSK, *et al.*, *Defendants*. | Civil Action No. 25-105 (SLS) Judge Sparkle L. Sooknanan |

**FINAL JUDGMENT AS TO DEFENDANT ELON MUSK REVOCABLE TRUST
DATED JULY 22, 2003**

The Securities and Exchange Commission having filed an Amended Complaint and Defendant Elon Musk Revocable Trust dated July 22, 2003 ("Revocable Trust") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting the allegations of the Amended Complaint as to the Revocable Trust (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Revocable Trust is permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1 promulgated thereunder [17 C.F.R. § 240.13d-1], by failing to file with the Commission a statement containing the following information as required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within five business days after the date beneficial ownership of more than five percent of any equity security of a class of securities that is registered pursuant to Section 12 of the Exchange Act has been

directly or indirectly acquired: names of the reporting persons; whether any shares beneficially owned are held as a member of a group; the aggregate amount and percentage of class of shares beneficially owned; the subject securities and issuer; the identity and background of the reporting persons; the source and amount of funds or other consideration used; the purpose of the acquisition of securities; any plans or proposals, interests in the securities, contracts, arrangements, understandings or relationships with respect to the securities; and copies of relevant written agreements, contracts, arrangements, understanding, plans or proposals.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) the Revocable Trust's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Revocable Trust or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Revocable Trust shall pay a civil penalty in the amount of $1,500,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Revocable Trust shall make this payment within 30 days after entry of this Final Judgment. The Revocable Trust may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The Revocable Trust may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Elon Musk Revocable Trust dated July 22, 2003 as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. The Revocable Trust shall simultaneously transmit evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Revocable Trust relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Revocable Trust shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein; PROVIDED, HOWEVER, the provisions of paragraph 12 of the Consent are not incorporated herein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to rule 54(b) of the Federal Rules of Civil

Procedure, the clerk is ordered to enter this final judgment forthwith and without further notice.

_____

SPARKLE L. SOOKNANAN
United States District Judge

Date:   July 8, 2026

4